[No. 12374.  In Bank. — June 13, 1890.]

## ROBERT CHRISTY, RESPONDENT, *v.* SPRING VALLEY WATER-WORKS, APPELLANT.

APPEAL — LAW OF THE CASE. — The decision of this court rendered upon a first appeal becomes the law of the case, and must be adhered to upon a second appeal, in the same case, if the facts are substantially the same.

PARTITION — TITLE ACQUIRED PENDENTE LITE — AMENDMENT OF ANSWER — CONCLUSIVENESS OF INTERLOCUTORY DECREE. — A new adverse title acquired by the defendant pending an action of partition, after answer filed, and before the interlocutory decree, is conclusively adjudged by that decree, which fixes the rights of the parties, as to title or claim held by them, as of its date; and such title, though acquired after close of the evidence, could only be asserted by way of amendment to the answer in the partition suit, so as to permit it to be proven in that suit before the interlocutory decree was rendered.

EJECTMENT — STATUTE OF LIMITATIONS — PRESCRIPTIVE TITLE — ANSWER — CROSS-COMPLAINT — FINDINGS. — In an action of ejectment, when the answer, in addition to a general denial, pleads the statute of limitations, and a cross-complaint for cause of action alleges facts showing a prescriptive title in the defendant, and there is evidence tending to sustain the issues thus tendered by the defendant, a failure to find thereon is ground for reversing the judgment.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Kellogg & King,* for Appellant.

*I. N. Thorne,* for Respondent.

PATERSON, J. — 1. On the former appeal, this court held that the decision of the court below, which was based upon evidence of a new title acquired by the defendant after answer filed in the proceedings for partition, *but before the rendition of any interlocutory decree therein,* was erroneous; that the judgment in partition was conclusive upon all the parties as to any title or claim held by them *at the time of its rendition.* (68 Cal. 76.)

At the last trial, the defendant introduced in evidence entries in the registry of actions showing that the trial of the partition proceeding began on August 15, 1871; the taking of evidence was concluded on the day following; the case was argued and submitted on September 10th following; and the interlocutory decree was entered on October 13, 1871. The deed from Turner to defendant is dated August 28, 1871; it was acknowledged October 6, 1871, and recorded October 12, 1871. Appellant insists that upon this showing it is not a case of title procured *pendente lite,* which it was bound to disclose at the hearing for adjudication in the partition proceedings, and forcible reasons are presented in support of the contention. But discussion of the proposition is foreclosed by the decision of this court on the same question when the case was here before. The facts are substantially the same as they were on the former appeal. It appeared then, as it does now, that the trial of the partition proceedings began August 15th, and that the interlocutory decree was entered October 13th. It is true, it did not appear that the taking of evidence was concluded on August 16th, but, in view of what the court said, that fact was immaterial, it being the duty of the defendant, in the opinion of the court, to " disclose its adverse claims to the land," and, if necessary, to obtain permission " to amend its answer so as to include the deed as evidence of a right in itself acquired pending the proceedings." It was held that the judgment was

conclusive on all parties as to title or claim held by them at the time the interlocutory decree was entered.

2. It is claimed that the objection to the introduction in evidence of the judgment roll in the partition suit should have been sustained; that the judgment in that suit includes land not included in the complaint therein, and that the property described in the complaint herein is not included in the property described in the complaint in the partition suit. At the first trial the roll went in without objection, but when the case was presented here, the point was made by respondent (now appellant) that the judgment was void on its face, because the property described therein was not the property described in the complaint, or in the report of the referee, who partitioned the property under the interlocutory decree of the court. (331 Supreme Court Records, 219.) The court evidently considered the contention without merit. It was claimed then, as it is now, that a portion of block 774 was included in the decree, and is sued for herein, but is not included in the property described in the complaint in partition. The facts before the court then were the same as those before us now. The court looked at the various descriptions in both cases, and, after comparing them with one another, and with the map, properly held, we think, that " there was allotted and set over to Randall that portion of the property which is described in the complaint in the present action."

3. In addition to a general denial, the defendant set up as a defense that plaintiff's right of action was barred by the provisions of sections 318, 319, 322, 323–325 of the Code of Civil Procedure; and in a cross-complaint for cause of action alleged an exclusive and uninterrupted possession of the premises, adverse to plaintiff and all the world, for over five years, under claim of right founded upon a written instrument of conveyance.

The court below failed to find on either of these issues, and for this reason we have to reverse the judg-

ment. If there had been no evidence on the issue, the failure to find would have been immaterial (*Himmelman v. Henry, ante*, p. 104), but there was. Both here and in the partition suit it appears, from the pleadings and judgments, that the defendant was in possession of the lands in controversy, claiming title thereto, over twenty years ago, and the evidence of defendant herein tends to establish the claim of continuous adverse possession.

The judgment and order are reversed, and the cause is remanded for a new trial.

McFARLAND, J., SHARPSTEIN, J., and WORKS, J., concurred.