[No. 15072.   Department Two.—June 12, 1894.]

J. H. MERGUIRE, RESPONDENT, *v.* THOMAS O'DON-
NELL, APPELLANT.

ACTION FOR DECEIT — BREACH OF WARRANTY — INSTRUCTIONS — CAVEAT
EMPTOR.—In an action to recover damages for deceit and fraudu-
lent representations upon a sale of horses, and for a breach of war-
ranty as to their soundness, instructions enunciating the law as to the
doctrine of *caveat emptor* are inapplicable to the case, and are properly
refused.

APPEAL—REVIEW OF INSTRUCTIONS.—Where the court, upon its own motion,
instructed the jury upon the issues made in the case it is not error to
refuse instructions asked which were covered by those given; and, where
no objection or exception was made to the instructions given, they are
not the subject of review.

PLEADINGS—ADMISSIONS.—A fact alleged in the complaint, and not denied
by the answer, becomes an admitted fact in the case.

APPEAL from a judgment of the Superior Court of
the City and County of San Francisco, and from an
order denying a new trial.

The facts are stated in the opinion.

*F. B. Ogden,* for Appellant.

*F. A. Hornblower,* for Respondent.

SEARLS, C.—This is an action to recover damages for
deceit and fraudulent representations in the sale by
defendant to plaintiff of three horses. Plaintiff had
judgment for $650, from which judgment, and from an
order denying a motion for a new trial, defendant
appeals.

About the 1st of June, 1890, plaintiff purchased from
the defendant, at East Oakland, three horses for $400,
paying $100 down and the residue to be paid the fol-
lowing day upon delivery of the horses in San Fran-
cisco. Defendant called upon plaintiff the following
morning, in advance of the arrival of the horses, and
received the residue of the purchase price. Almost
immediately upon the arrival of the horses, and within
an hour, they were found to be ailing and discharging
from the nose. The disease with which they were

afflicted proved to be glanders.   One of them was con-
demned by the public authorities, and killed in a short
time, and the others shared the same fate a few months
later.

Plaintiff, after the death of the first horse, offered to
return the others, and demanded a rescission of the
contract and return of his money, which was refused
by the defendant.

The complaint charged defendant with falsely and
fraudulently representing to plaintiff that the horses
were well and sound; that the plaintiff believed these
statements to be true; and, relying upon them, was
induced to purchase, and that defendant well knew the
statement to be false, etc.

The cause was tried by a jury, and the main contro-
versy was as to these representations and knowledge by
defendant of the condition of the animals.   There was
testimony, on the part of plaintiff, tending to show that
defendant knew the condition of the horses, instructed
his employee to keep their noses clean when plaintiff
and his brother came to examine them, which was
done; and that he represented to plaintiff that "they
were all sound, except one horse, who had a blind eye";
and at another time during the negotiation, when asked
if there was any thing the matter with them (the horses),
he said: "No, except that one had a defect in the eye."

On the other hand, there was a denial of all these
representations by defendant, and of all knowledge on
his part of any ailment or disease in the horses.

A number of other witnesses, on the part of defend-
ant, testified that the horses showed no signs of glan-
ders up to the time of sale.   In the face of this conflict
of evidence, we must regard the verdict of the jury as
conclusive upon the facts.   The jury rendered a verdict
in favor of plaintiff for $650.   This, it is claimed by
appellant, was excessive.

There was testimony tending to show that plaintiff
expended about $100 in surgical treatment of the horses,
and that he destroyed the stable in which the diseased

horses had been kept, and burned the materials which, owing to the highly contagious character of the disease, was shown to be reasonably proper. This stable was shown to have been worth $200.

As plaintiff was entitled to recover, if at all, the purchase price of the horses, which was $400, we cannot say the added $250 thereto was excessive, in view of the fact that the several special causes of damage were pleaded.

The instructions asked by the defendant, and refused by the court, were objectionable for various reasons. The first, because, while it correctly enunciated the law as to the doctrine of *caveat emptor*, in the absence of fraud or of a warranty, still it was inapplicable to the case at bar, in which the *gravamen* of the charge was:

1. Fraud on the part of the defendant, whereby plaintiff was prevented from discovering the diseased condition of the horses; 2. An express warranty of soundness of the horses by the defendant; and 3. Because so much of the instruction as was applicable was subsequently given.

Like observations apply to the refusal of the court to give the other instructions asked.

The court, upon its own motion, instructed the jury upon the issues made in the case, and, so far as we observe, there was no error therein, and, as no objection was made or exception taken to such instructions, they are not the subject of review.

The necessity for the destruction of plaintiff's stable, by reason of the virus of the glandered horses, is alleged in the complaint, and, not being denied by the answer, was an admitted fact in the case.

The judgment and order appealed from should be affirmed.

VANCLIEF, C., and TEMPLE, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

FITZGERALD, J., DE HAVEN, J., MCFARLAND, J.