[Sac. No. 1022.  Department Two.—December 29, 1903.]

JOHN · MURPHY, Respondent, v. J. H. MURPHY and MARY MURPHY, Appellants.

CROSS-COMPLAINT—FAILURE TO ANSWER—ADMISSION OF FACTS—AP-PROPRIATE RELIEF.—Facts alleged in a cross-complaint are admitted by a failure of the plaintiff to answer, and no proof thereof is required. Where the court found that the plaintiff was in default, and he was denied the right to introduce any proof, or offer any evidence contradicting the allegations of the cross-complaint, if it was the intention of the court to deny plaintiff the privilege of answering, it should have taken the allegations of the cross-complaint as true, and should have granted such relief upon the facts admitted as would be appropriate.

ID.—ACTION TO COMPEL RECONVEYANCE—PROOF AS TO AMOUNT PAID.—Where one object of the cross-complaint was to compel a recon-veyance of the land in controversy, and it does not appear there-from what amount of interest was paid by plaintiff to a bank on de-fendants' account, proof of that amount was necessary to entitle plaintiff to a reconveyance, though he would be entitled to other appropriate relief upon the admitted allegations.

ID.—INCONSISTENT ACTION OF COURT.—Where the court, after finding the plaintiff in default, and refusing to permit him to controvert the cross-complaint, required the defendants to prove all of its material allegations, and permitted the plaintiff, as *amicus curiæ*, to cross-examine the witnesses, and introduce on the cross-examination letters as controverting the allegations of the cross-complaint, it in effect opened up the default and nullified the previous ruling; and if it was its intention to do so, it should have allowed the plaintiff to answer, and should at least have granted the demand of the defendants for findings.

APPEAL from a judgment of the Superior Court of Colusa County and from an order denying a new trial. H. M. Albery, Judge.

The facts are stated in the opinion.

B. F. Howard, for Appellants.

Ernest Weyand, for Respondent.

SMITH, C.—This suit was brought to correct the description in a deed executed by defendants to plaintiff, of date

October 4, 1898. But it was admitted on the trial by the defendant that the deed correctly described the land which plaintiff claimed it was intended to convey, consisting of certain subdivisions of the southeast and northeast quarters of sections 3 and 10, in the township referred to in the complaint; and, accordingly, it was so found by the court and adjudged that the plaintiff take nothing by his action. There is therefore no question as to the plaintiff's case.

But in the cross-complaint of the defendants it is alleged, in effect: That some time before the date of the deed referred to in the complaint, the defendant, J. H. Murphy, had conveyed to the plaintiff the other subdivisions of the northeast quarter of section 10 and the southeast quarter of section 3, for the sum of eight hundred and ten dollars; that defendants' deed of October 4, 1898, was made upon, and in pursuance of, an agreement between the parties, by the terms of which plaintiff agreed to pay a debt of one hundred and eighty dollars, with interest, due from the defendants to the Colusa County Bank, and thereafter to sell the two tracts as a whole for a sum not less than sixteen hundred dollars, and after deducting from the proceeds eight hundred and ten dollars on account of his own land, and the amount paid to the bank, to pay the balance to the defendants; that in pursuance of the agreement the plaintiff paid the amount due to the bank, but has since repudiated the agreement, and now claims the land as his own, and that he is about to sell it to a third party for six hundred dollars, and to appropriate the proceeds to his own use. It is further alleged that the defendants before beginning the suit offered to pay plaintiff the amount due for what he had paid to the bank, and all interest thereon, and demanded a conveyance of the land in question, but plaintiff declined the offer; "and that defendants are ready and willing to pay plaintiff the amount he has paid out on account of said piece of land or any sum the court may decree to be just and equitable," etc. The prayer of the cross-complaint is, that the plaintiff be required to reconvey the land in question to defendants, upon payment by them of the sum paid to the bank by plaintiff, with interest, and for general relief.

The cross-complaint was filed and served April 25, 1901,

and there was attached thereto a memorandum of default by
the clerk, of date May 13, 1901. But on the trial, this was
stricken out by the court on the plaintiff's motion, on the
ground, apparently, that the clerk was not authorized by the
law to enter the plaintiff's default. But it was held by the court
that plaintiff was in default as a matter of fact; and he was
therefore denied the right of introducing any proof or offer-
ing any evidence contradicting the allegations of the cross-
complaint. Defendants then moved the court for judgment
in their favor on the pleadings; but the court denied the
motion, and then required defendants to introduce proof on
all material allegations of the cross-complaint; and there-
after the plaintiff's attorney was permitted as *amicus curiæ*
to cross-examine the witnesses, and in the course of the cross-
examination to introduce in evidence certain letters written
by defendant J. H. Murphy, purporting to give a somewhat
different account of the transaction from that alleged in the
cross-complaint; all of which rulings were excepted to by
defendants, and are now urged as grounds of reversal. Judg-
ment was then entered by the court, as already stated, that
the plaintiff take nothing by his action; that defendants take
nothing by reason of their cross-complaint; and that the
parties respectively pay their own costs. The defendants
appeal from the judgment, except "that part which adjudged
the description of land named in the deed therein referred to
to be a correct description," and from an order denying their
motion for a new trial.

As to the first of the errors complained of, it is claimed
by appellants, and not disputed by respondent, that the
order of the court in striking out the memorandum of default
was erroneous; but assuming (for the purposes of the de-
cision) that this was the case, yet plaintiff's motion was in
effect denied, and he was precluded by order of the court
from introducing evidence upon the allegations of the cross-
complaint. The appellants, therefore, had the case stopped
here, would have had no cause to complain. But in requiring
the defendants "to introduce proof on all material allega-
tions of the cross-complaint," the effect of this ruling was to
that extent nullified. For the facts alleged in the cross-com-
plaint, having been admitted by the failure of the plaintiff.

to answer, no proof in their support was required, (*Herrold* v. *South,* 34 Cal. 124; *Jones* v. *Jones,* 38 Cal. 585; *Stockton etc.* v. *Glenn's Fall Ins. Co.,* 121 Cal. 171; *Merguire* v. *O'Donnell,* 103 Cal. 50; Code Civ. Proc., secs. 442, 462); and in permitting the plaintiff's counsel as *amicus curiæ,* in the course of the cross-examination, to introduce in evidence the letters of the defendant J. H. Murphy, as controverting the allegations of the cross-complaint, the court in effect opened the default. We are therefore at a loss to determine what was the intention of the court, or the effect of its various rulings; that is to say, whether it was or was not the intention of the court to open the default or to permit the plaintiff to controvert the allegations of the cross-complaint. If it was its intention to permit the allegations of the cross-complaint to be controverted, it should have allowed the plaintiff to answer, or at least it should have complied with defendants' demand for findings. On the other hand, if it was its intention to deny the plaintiff the privilege of answering, it should have taken the allegations of the cross-complaint as true, and granted such relief as upon the facts admitted would have been appropriate. It could not, indeed, have entered judgment as prayed for in the cross-complaint; because it does not appear therefrom what amount was paid by the plaintiff to the bank on account of interest, and without proof of this amount a reconveyance would have been improper. But the defendants, if not entitled to the precise relief demanded, were entitled, on the admitted facts, to some relief, as, for example, an adjudication determining the character of the transaction.

It will be proper, however, for the court in further proceeding in the case, if it be so advised, to allow plaintiff to answer the cross-complaint, and also to allow the defendants to amend the same in case they desire to do so.

We advise that the judgment and order appealed from be reversed and the cause remanded for further proceeding in accordance with the views herein announced.

Cooper, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed and the cause

remanded for further proceeding in accordance with the views herein announced.

McFarland, J., Lorigan, J., Henshaw, J.

A petition for a hearing in Bank was denied on January 28, 1904.   In the order denying the hearing in Bank the court said: "No opinion is expressed upon the question of whether or not the cross-complaint states a cause of action."