[S. F. No. 6899. Department One.—September 20, 1916.]

ALBERT W. SCHOLLE, Appellant, v. JOHN FINNELL, JR., SIMPSON FINNELL, JAMES FINNELL, BUSH FINNELL, and JOHN FINNELL, JR., as Administrator of the Estate of John Finnell, Deceased, Respondents.

TRIALS—FINDINGS OF FACT AND CONCLUSIONS OF LAW—DECISION—OPINION OF THE JUDGE.—Where the trial is without a jury and findings are not waived, the issues of fact remain undecided until findings are filed, and no antecedent expression of the judge, whether casual or cast in the form of an opinion, can in any way restrict his absolute power to declare his final conclusion in the only manner authorized by law, to wit, by filing the "decision" (findings of fact and conclusions of law) provided for by sections 632 and 633 of the Code of Civil Procedure. The rule above stated is not altered

by the circumstance that the record on appeal has been prepared under sections 953a, 953b, and 953c of the Code of Civil Procedure.

FRAUDULENT TRANSFERS—TRANSFER DEFINED.—To make out a case to set aside a transfer as fraudulent under sections 3439 and 3440 of the Civil Code, it is essential to establish that there has been, as a transfer, such an act as vested the real or apparent ownership of some interest in the property in the transferee, although such transfer need not be in writing.

ID.—PERSONAL PROPERTY MINGLED WITH OTHER PERSONAL PROPERTY—CONVERSION—RIGHT OF CREDITOR OF DECEASED OWNER.—Where the owner of personal property made no transfer of it, but remained the owner and in possession of it until his death, and the personal property was mingled with other personal property of other parties who sold it all, a creditor of the deceased owner has no right of action to recover such property or its proceeds on the ground that it has been fraudulently transferred.

ID.—POSSESSION BY THIRD PARTY—PROOF OF TRANSFER.—Mere possession by a third party of personal property of an insolvent debtor does not establish a transfer which a creditor could assail as fraudulent.

FINDINGS—CONFLICT OF EVIDENCE—POWER OF APPELLATE COURT.—It is beyond the power of an appellate court to review a finding of the trial court made where there is at least a substantial conflict in the evidence directed to the fact found.

PLEADING—AMENDMENT OF COMPLAINT—DISTINCT CAUSE OF ACTION—EVIDENTIARY MATTER.—It is not error to refuse leave to amend a complaint to set aside a transfer of personal property as fraudulent by adding thereto allegations concerning transfers of certain real estate, because, if the amended complaint was intended to lay a foundation for an attack upon the conveyance of the real estate, it was seeking to introduce a distinct cause of action; and if the purpose was to show a general scheme to defraud, such new matter was merely evidentiary and need not be pleaded.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Seawell, Judge.

The facts are stated in the opinion of the court.

Morrison, Dunne & Brobeck, and Edward Lynch, for Appellant.

Charles W. Slack, and Bush Finnell, for Respondents.

SLOSS, J.—John Finnell was, in his lifetime, largely indebted to the plaintiff. He died in October, 1905, leaving an

estate which was appraised at a value insignificant in compari-
son with his obligations. Plaintiff's claim for the amount due
him was presented, allowed by the administrator of Finnell's
estate, and approved by the court. The plaintiff sought to
realize on his claim by instituting actions to set aside, as in
fraud of creditors, transfers of property alleged to have been
made by John Finnell during his lifetime. One such action
was instituted in the superior court of Tehama County. In
that litigation the plaintiff assailed six conveyances of real
estate, all made to one or more of John Finnell's four sons.
The superior court of Tehama County found and adjudged
that three of the six conveyances were fraudulent and void
as to plaintiff, because made without consideration and while
the grantor was insolvent. The defendants appealed from
this portion of the decree, and such appeal resulted in an
affirmance. (*Scholle* v. *Finnell,* 166 Cal. 546, [137 Pac.
241].) With respect to the other three conveyances involved
in the Tehama action, the court found against the allegations
of fraud, and gave judgment in favor of Simpson Finnell,
the grantee named in said three deeds. From this part of
the judgment the plaintiff appealed, and an affirmance fol-
lowed. (*Scholle* v. *Finnell,* 167 Cal. 90, [138 Pac. 746].)

The present action was brought to set aside as fraudulent
two alleged transfers of personal property from John Finnell
to his son Simpson Finnell. The property involved consisted
of two items: (1) a quantity of livestock and farming imple-
ments claimed to have been transferred in September, 1900,
and (2) two thousand shares of the capital stock of the Fin-
nell Land Company, a corporation, and a contingent claim
to a further number of shares of said company. A general
view of the relations between the plaintiff herein and the
estate of John Finnell, and of the complications in which
the affairs of the Finnell family had become involved, may
be had from a reading of the two decisions in *Scholle* v. *Fin-
nell,* above referred to, and of the opinions of this court in
*Finnell* v. *Goodman & Co. Bank,* 156 Cal. 18, [103 Pac.
483], and *Finnell* v. *Finnell,* 156 Cal. 589, [134 Am. St. Rep.
143, 105 Pac. 740].

For present purposes, it will suffice to say that the plaintiff
alleged that the livestock and farming implements in ques-
tion were transferred by John Finnell to Simpson Finnell
in September, 1900; that such transfer was not accompanied

by a delivery or change of possession, and was made by John Finnell while he was insolvent, with the intent to hinder, delay, and defraud his creditors. The averment with respect to the shares of stock of the Finnell Land Company was that on September 8, 1903, John Finnell purchased these shares from George E. Goodman for the sum of twenty thousand dollars, and caused the same to be transferred to Simpson Finnell, there being no consideration to John Finnell for said transfers, and the same being made to Simpson fraudulently for the purpose of hindering, delaying, and defrauding the creditors of John Finnell. All of these allegations were denied by the answers.

The court found that John Finnell was insolvent from July, 1893, until the time of his death, and that his estate was insolvent; that he did not, in the year 1900, transfer to Simpson Finnell any livestock, farming implements, or machinery. It was further found that the livestock mentioned in the complaint was, at the time of the alleged transfer thereof, mingled with other livestock belonging to the sons of John Finnell, defendants herein; that the said livestock was controlled and retained by John Finnell up to the time of his death, until sold and disposed of in connection with the control by the four sons of the livestock belonging to them. It is further found that said livestock was all sold prior to the commencement of this action, and that so much of it as was unsold at the time of John Finnell's death belonged to the said John Finnell, and that "the claim of the plaintiff thereto and for the proceeds thereof is barred by the laches of the plaintiff." The farming implements and machinery were found to be of no value at the time of the alleged transfer, and, as this finding is not attacked, we need not concern ourselves with these items of property.

With respect to the shares of stock of the Finnell Land Company, the court found that John Finnell did not purchase such shares from George E. Goodman, nor cause said shares to be transferred to Simpson, but that on or about September 8, 1903, George E. Goodman sold, assigned, and transferred to Simpson Finnell, for the sum of twenty thousand dollars, the said two thousand shares of stock, together with his claim to the additional shares, and that said transfers were not made to Simpson Finnell nor the shares placed in his

name fraudulently and for the purpose of hindering, delaying, and defrauding the creditors of John Finnell.

On these findings the court gave judgment that the plaintiff take nothing by his action, and that the defendants recover their costs. From this judgment the plaintiff appeals, bringing up a record of the proceedings under sections 953a, 953b, and 953c of the Code of Civil Procedure.

The principal contentions of the appellant have to do with the sufficiency of the evidence to support the findings. Some six weeks after the submission of the case, the learned judge of the court below delivered an opinion in which he summarized the important facts, as he saw them. The findings were signed and filed between two and three months later. The findings do not, in all respects, accord with the views which had found expression in the opinion. The appellant contends that the formal findings are, so far as there is any conflict, to be subordinated to or controlled by the opinion theretofore rendered. This position is not tenable. "The findings of fact must be taken as embodying the conclusions of the trial court on all questions of fact submitted to it for decision." (*Goldner* v. *Spencer,* 163 Cal. 317, 320, [125 Pac. 347].) Where the trial is without a jury, and findings are not waived, the issues of fact remain undecided until findings are filed. No antecedent expression of the judge, whether casual or cast in the form of an opinion, can in any way restrict his absolute power to declare his final conclusion in the only manner authorized by law, to wit, by filing the "decision" (findings of fact and conclusions of law) provided for by sections 632 and 633 of the Code of Civil Procedure. This rule, which has long been established in our practice, is not altered by the circumstance that the record has been prepared under the "new and alternative" method.

As hereinbefore stated, the complaint charged that the livestock and farming implements had been transferred by John Finnell to Simpson Finnell in September, 1900. The finding was that John Finnell did not transfer such property to Simpson. The respondents contend that this finding, if supported by the evidence, as they contend it is, is determinative of the case so far as these items of property are concerned. The action was one to set aside a transfer as fraudulent under sections 3439 and 3440 of the Civil Code. To make out the case alleged it was essential for plaintiff to

establish that there had been a transfer of the property. (*Doerfler* v. *Schmidt,* 64 Cal. 265, [30 Pac. 816] ; *Lyden* v. *Spohn-Patrick Co.,* 155 Cal. 177, 184, [100 Pac. 236].) The term "transfer" is defined in section 1039 of the Civil Code as "an act of the parties or of the law by which the title to property is conveyed from one living person to another." The appellant contends that this definition has no application to the code sections declaring that certain transfers are void against creditors. He seeks to include in the word "transfer" every act, whether committed by the debtor or by others, which may tend to hamper the creditor in subjecting the property to the payment of his claim. We are cited to no authority which, in our view, sustains this interpretation. The word "transfer" is no doubt a broad one, but it designates only those transactions which, as between the parties, pass, or purport to pass, the title or right of possession to the property. The transfer need not, to be sure, be by a writing, but it must be such an act as vests the real or apparent ownership of some interest in the transferee. If the facts were as found by the court, the situation was simply this: John Finnell was the owner of the livestock and machinery in controversy. He made no transfer of this property to Simpson Finnell, but remained the owner and in possession of it until his death. The livestock was mingled with other livestock belonging to the defendants and they, prior to the commencement of this action, had sold all of it. The legal consequence of these facts is, not that there was a transfer of the livestock to Simpson Finnell or his codefendants, but that such livestock, belonging to and in the possession of John Finnell, was unlawfully taken by the defendants and converted to their own use. Such conversion may have given a right of action for damages to the estate of John Finnell, but it did not give to the creditors of John Finnell a right to sue in their own names to recover such property or its proceeds on the ground that it had been fraudulently transferred. Even if it were granted that a creditor has the right to pursue one who has unlawfully taken property belonging to the estate of his debtor, the complaint in this case was not framed upon any such theory and did not allege any such cause of action.

There can be no doubt that the evidence fully supports the finding of the court that there was no transfer of the live-

stock and machinery from John to Simpson Finnell. Simpson contended that the livestock had been transferred by John Finnell to George E. Goodman, and subsequently transferred by Goodman to Simpson Finnell. The court did not accept this view, the finding being ''that the said property was not sold or transferred by Goodman to Simpson Finnell.'' But the fact that the particular mode of transfer under which Simpson claimed title was found not to have taken place did not relieve the plaintiff of the necessity of proving the fraudulent transfer (from John Finnell to Simpson Finnell) upon which he relied, and the record is devoid of any evidence tending to show such transfer. In fact, the appellant's contention, as has already been suggested, really is that Simpson Finnell and his codefendants were in possession of the livestock which had belonged to John Finnell, the debtor, and that proof of this fact alone established a transfer which a creditor could assail as fraudulent. For the reasons above stated, we do not agree with this contention. The finding against the transfer alleged is sufficient to support the judgment with reference to the livestock and machinery, and renders it unnecessary to consider whether the finding of laches is supported by the evidence.

Similar considerations force the conclusion that the plaintiff cannot succeed in his attack upon the findings relative to the stock of the Finnell Land Company. The allegation of the complaint was that John Finnell purchased this stock from George E. Goodman, and caused the same to be transferred to Simpson Finnell without consideration. Such transaction, if accompanied by the fraudulent intent asserted, would, in effect, have constituted a transfer from John to Simpson, assailable by the creditors of John Finnell. But the court found that no such transfer had taken place. On the contrary, it found that in September, 1903, Goodman sold and transferred the stock to Simpson Finnell for twenty thousand dollars, and that the estate of John Finnell had no interest in the stock. The record contains direct testimony to support these findings. The appellant makes an elaborate and earnest argument designed to show that this testimony should have been rejected by the trial court, and that there were strong circumstances pointing to a contrary conclusion. We shall not take the time or space required for a complete review of all of the items of evidence introduced

in this connection. Suffice it to say that, even if we concede the probative force of the various matters insisted upon by the appellant, it still remains that there was at the least a substantial conflict of evidence upon the point and that the finding of the trial court evidencing its view of the preponderance of the evidence is beyond our power of review. The determination that the stock belonging to Goodman had been sold by him to Simpson Finnell, that John Finnell had no interest in it, and that he had not transferred it to Simpson is conclusive here.

Since the plaintiff failed to prove a transfer from John to Simpson Finnell of any of the property described in the complaint, it is entirely unnecessary to follow counsel in the inquiry whether the circumstances showed a fraudulent intent on the part of the debtor. There may have been an intent to defraud, but such intent cannot justify the setting aside of a transfer unless there has been a transfer. In other words, the findings which are sustained by the evidence required the giving of the judgment which was given, irrespective of the soundness of the findings on other issues.

Certain rulings by the court below are assigned as error. The court excluded evidence of declarations by John Finnell tending, as is claimed, to show his ownership of the property, afterward claimed by one or more of the defendants herein. Without passing on the question of the admissibility of this evidence, it will be sufficient to say that the declarations could have had no tendency to show that transfers had been made as alleged in the complaint. In the face of the findings that there had been no such transfers, these rulings become immaterial.

During the trial the plaintiff asked leave to amend his complaint by adding thereto various allegations connected with the transfers of real estate which had theretofore been under judicial scrutiny in the action instituted in Tehama County. The court declined to grant leave to file the amended pleading. There was no error in this ruling. If the amended complaint was intended to lay the foundation for an attack upon the conveyances of real estate, the plaintiff was seeking to introduce an entirely new and distinct cause of action and this was a sufficient ground for denying the application. (*Peiser* v. *Griffin,* 125 Cal. 9, [57 Pac. 690].) If, on the other hand, as the appellant claims, he sought to make the

allegations regarding the transfers of real estate for the purpose merely of establishing the existence of a general scheme or conspiracy to defraud, which scheme embraced the transfers of the personal property here attacked, it may be answered that the new matter was merely evidentiary and thus incidental to the cause of action set up in the original complaint. It is, of course, well settled that the evidence tending to support a cause of action need not be pleaded.

We find no other points requiring notice.

The judgment is affirmed.

Shaw, J., and Lawlor, J., concurred.