[Civ. No. 5158. Third Appellate District.—October 23, 1934.]

G. W. HAYES et al., Respondents, v. Y. KHINOO et al., Appellants.

Samuel V. Cornell for Appellants.

J. Lee Robertson for Respondents.

PLUMMER, J.—The plaintiffs began this action to obtain payment of the alleged reasonable value of certain work and labor performed under the terms of a written contract.

Judgment was entered in favor of the plaintiffs for the sum found to be due as the reasonable value of the work and labor performed, and also adjudging that the plaintiffs were entitled to a lien upon the real property mentioned in the complaint. The material portion of the complaint which contains a copy of the contract which is necessary to be considered herein, is as follows:

"This agreement made this 5th day of December, 1931, by and between Y. Khinoo, party of the first part and hereinafter called the Owner, and G. W. Hayes and T. J. Hayes, parties of the second part, and hereinafter called the contractors,

"Witnesseth: That the said Owner hereby employs and engages the said Contractors to grade, check, level, ditch and prepare for cultivation and irrigation all of the land on his ranch not occupied by buildings and improvements lying $3\frac{1}{2}$ miles west and $\frac{3}{4}$ mile south of Turlock, California, and consisting of approximately 40 acres.

"Said Contractors agree to do all work in conformity to a survey and profile which has been furnished them by the Owner and made by Elmer Wicklund, a surveyor, and it is agreed that all of said work shall be done under the supervision and direction of said surveyor. Said Contractors agree to begin said work on or before December 10, 1931, and to prosecute the work diligently until completed; and agree to complete the same on or before February 1, 1932. They agree also to do all of said work in good and workmanlike manner and to prepare the land according to the usage and custom of the best farmers in the vicinity of the land.

"Said Owner agrees to pay a total consideration of $797.50 for the completed job and to pay the same in instalments as follows: When the engineer certified that $\frac{1}{3}$ of the work has been completed according to the contract to pay 65% of $\frac{1}{3}$ of the price, and it is agreed that the note of G. W. Hayes to the first party shall be accepted as part payment on this first installment; and that when $\frac{2}{3}$ has been completed and certified by the engineer, to pay an additional sum up to 65% of $\frac{2}{3}$ of the consideration; and when the whole job is completed, to pay the balance of said contract.

"Executed in duplicate the day and year first above written.

"Y. KHINOO
"G. W. HAYES
"T. J. HAYES"

The defendants demurred to said complaint on the ground that it failed to state a cause of action. The demurrer being overruled, the defendants filed a cross-complaint which, after referring to the contract, the work to be performed, and as to how it was to be performed under the terms of the contract, as payment, contained the following:

"That thereafter the cross-defendant entered upon the performance of said contract and did undertake to do and perform a portion of the work contemplated by said agreement; that cross-defendants did not fully or at all do or perform any of the things to be done or performed by them under the terms of said contract, and that the work done by cross-defendants was not in accordance with the terms and provisions of said contract and was done in an unskillful and incorrect manner, with the result that the lands of this cross-complainant were thereby greatly injured, all to her damage in the sum of $400.00; that this said sum has not been paid nor has any part thereof."

The findings of the court material to be considered herein, after setting forth the copy of the contract, are as follows, to wit: "That on or about the 10th day of December, 1931, the plaintiffs entered upon the performance of said contract and continued to do and perform certain labor thereunder until on or about the 14th day of January, 1932; that Elmer Wicklund, the surveyor named in said contract, did thereafter on or about the 19th day of January, 1932, certify that less than one-third of the work agreed upon in said contract had been done, and that no work under said contract was ever done by the plaintiff thereafter; that thereafter and on or about the 21st day of January, 1932, the surveyor, Elmer Wicklund, did issue a second certificate wherein he did certify that more than one-third of said work had been done; that on the 14th day of January, 1932, plaintiffs had completed approximately one-half of the said work that was to have been performed under said contract; that plaintiffs gave notice to the defendants that unless said contract payments were made, plaintiffs would stop

grading, leveling and checking on the said property as provided in said contract; that said defendants failed and refused to pay plaintiffs the amounts and sum of money as stipulated and agreed to be paid in said contract; that the defendants, by their refusal to so pay plaintiffs according to the terms of said contract, thereby broke their said contract with the plaintiffs; that plaintiffs did stop said work and rescinded and refused to continue with the work of grading, checking, and leveling of said land and made demand upon defendants payment of the reasonable value of the work and labor performed; that plaintiffs worked at grading, leveling and checking the said land with teams and equipment for a total period of sixty-seven and one-half days; that on *quantum meruit* the reasonable value per day for said work and labor is $7. per day per man, team and equipment, or a total sum of $472.50; that defendants advanced to plaintiffs and are entitled to a credit of the sum of $80.80; that the balance due plaintiffs from defendants on *quantum meruit* amounts to the sum of $391.70.''

Appellants contend, first: That the complaint fails to state a cause of action; second: That the findings fail to support the judgment; and also make the point that the court failed to find upon all the material issues tendered by the pleadings.

In addition to the issuance of the surveyor's certificate relative to the amount of work that should be done before any installment of payment should become due, a condition of the contract must be considered, to wit: ''They'' (referring to the contractors) ''agree also to do all of said work in good and workmanlike manner, and to prepare the land according to the usage and custom of the best farmers in the vicinity of the land.'' The complaint is absolutely silent as to the manner in which the work was done, whether it had been done in a good or workmanlike manner or according to profile or plans for the work. The only allegation in the complaint in this particular is that plaintiffs diligently pursued said work according to said contract.

The findings of the court show that the surveyor issued two certificates, one, that a certain percentage of the work had not been done to entitle plaintiffs to an installment payment, and that no work was thereafter done, but subsequently the surveyor issued a second certificate

to the effect that more than one-third of the work had been done. There is no finding by the court as to the character of the certificate, and no finding by the court that the work was done in a good and workmanlike manner. We call attention to these defects for the simple reason that the cause must be sent back for retrial on account of the failure of the court to find upon all the material issues tendered by the pleadings. The cross-complaint and the answer thereto interposed by the plaintiffs tendered the issue as to whether the work was done in a good and workmanlike manner and according to the usage and custom of the best farmers in the vicinity of the land, the defendants alleging in the cross-complaint that the work was not so done, and that their property had been damaged in the sum of $400 by the failure of the plaintiffs in performance of the work. Upon the issue so presented the court failed to make any finding. Where a material issue is tendered by a cross-complaint, and the answer thereto, and the court fails to find thereon, the error is such that a retrial must be ordered. (24 Cal. Jur. 938.) In *Christy* v. *Spring Valley Water Works,* 84 Cal. 541 [24 Pac. 307], considering the question of the failure of the trial court to find upon issues tendered by the cross-complaint, the Supreme Court used the following language: "The court below failed to find on either of these issues, and for this reason we have to reverse the judgment." The same question was before this court in the case of *Cargnani* v. *Cargnani,* 16 Cal. App. 96 [116 Pac. 306], and it is there held that a failure to find upon the issues tendered in the cross-complaint, and the answer thereto necessitated a reversal of the judgment. (*Murphy* v. *Murphy,* 141 Cal. 471 [75 Pac. 60].)

The cause being before us upon the judgment-roll alone, our investigation is therefore limited to its contents.

The judgment is reversed and a new trial awarded.

Thompson, J., and Pullen, P. J., concurred.