[Civ. No. 9014.   Third Dist.   Apr. 24, 1957.]

CARMELA WARD, Appellant, v. ROLLAND A. WARD, Respondent.

William Wear Clark for Appellant.

Airola & Airola for Respondent.

SCHOTTKY, J.—On January 26, 1955, in an uncontested action for divorce, plaintiff, Carmela Ward, was granted an

interlocutory decree of divorce from defendant Rolland A. Ward. The provisions of a property settlement agreement were incorporated in the decree and provided as follows with reference to the custody of the two minor children of the parties:

"It is hereby agreed that the parties shall have joint custody of the said minor children during the minority of said children. So long as the wife is able and competent to do so, she shall have the care, custody, control and education of said minor children during their minority, without any interference whatsoever on the part of the husband, during the regular school terms. So long as the husband is able and competent to do so, he shall have the care, custody and control of the said minor children during periods of school vacations. 'School vacations' are those periods designated as such by the school authorities and do not include Saturdays and Sundays, except where such Saturday or Sunday shall follow or precede a regularly declared school holiday.

"During any period in which the custody of said children is in one of the parties, the other party shall have the right to visit said children at reasonable times and places. Also, it is further agreed that during the time when one of the parties hereto shall have the custody of said children, said party shall provide said children, at her or his own expense, suitable living quarters and adequate food. Each of the parties hereto hereby covenants and agrees to pay one-half (½) of the cost of providing said minor children with clothes and expenses necessarily incident to the education of said children. And it is further likewise agreed between the parties hereto that neither of the parties shall attempt to influence said minors unfavorably to the other party."

On October 6, 1955, defendant filed an affidavit for an order modifying the interlocutory decree with respect to the custody of the minor children, alleging in substance that plaintiff was becoming increasingly emotional and unstable of late, and that affiant believed that the plaintiff was proposing to have the children enter a passenger airplane to fly them to some place outside the jurisdiction of California, and that in such event affiant would be unable to visit them or have the custody as provided in the decree because of his business and occupation in Calaveras County. Defendant asked that he be given sole custody. Plaintiff filed a counter-

motion asking for sole custody of the children and for the sum of $150 per month for their support, and for counsel fees, her supporting affidavit alleging in substance that the defendant was nervous and had a violent temperament and was attempting to influence the children against plaintiff, and that in the best interests of the children plaintiff should be given custody.

Upon stipulation of the parties a psychiatrist was appointed by the court and he reported that in his opinion the plaintiff had no mental symptoms that would interfere with her ability to care for and manage the children.

The hearing of the matter before the court occupied two full days and the court stated in its ''Rulings on Motions to Modify Interlocutory Decree'' which appears in the clerk's transcript that ''The testimony may be characterized as charge and denial on behalf of both parties.'' The court concluded its ''Rulings'' as follows:

''Plaintiff's and Defendant's motions to modify the Interlocutory Decree will be denied, with the following exceptions:

''The children are not to be taken out of the jurisdiction of the court, the State of California.

''The children are not to be taken on a plane or boat.

''The children are to remain domiciled in Calaveras County.

''Counsel for plaintiff will be allowed the sum of $150 as an attorney fee, and IT IS SO ORDERED.''

Plaintiff has appealed and her notice of appeal states that:

''The portions of said order which are hereby appealed from are as follows: (a) The portion thereof denying plaintiff's request for child support, (b) the portions of said order which provide as follows: 'The children are not to be taken out of the jurisdiction of the court, the State of California. The children are not to be taken on a plane or boat. The children are to remain domiciled in Calaveras County.' ''

The appeal is not taken upon any authenticated transcript of evidence or upon any bill of exceptions. The record here consists of a number of documents designated and requested by plaintiff's attorney to be copied and included in a clerk's transcript. A reporter's transcript was not requested.

Appellant first contends that ''the court had no authority to restrict or restrain the removal of the children from the State of California nor the removal of their domicile from Calaveras County, nor to restrain the parties from taking the children upon a plane or boat.''

Appellant argues that because the property settlement

agreement and the interlocutory decree stated that appellant was awarded "the care, custody, control and education of the minor children during their minority, without any interference whatsoever on the part of the husband (defendant), during the regular school terms," she has the right to determine and to change their residence and domicile as she sees fit during those regular school terms, unless such change or removal would prejudice the rights or welfare of the children. She relies upon section 213 of the Civil Code which reads:

"A parent entitled to the custody of a child has a right to change his residence, subject to the power of the proper Court to restrain a removal which would prejudice the rights or welfare of the child."

Appellant cites *Heinz* v. *Heinz,* 68 Cal.App.2d 713 [157 P.2d 660], in which the court, in reversing an order restraining a husband from removing his minor son from Los Angeles County, quoted said section 213 and said, at page 715:

"In *Luck* v. *Luck,* 92 Cal. 653, 655 [28 P. 787], our Supreme Court states the rule thus: '. . . if he [the father] is entitled to the custody of the children at all, he has the right to name any reasonable place in which they shall abide with him. . . .'

"Applying the foregoing rule to the facts of the present case, since the trial court found that plaintiff was a fit and proper person to have the custody of his minor child and there was no finding that the child's rights or welfare would be prejudiced by his removal from Los Angeles County, the court's order in restraining plaintiff from removing his son from Los Angeles was erroneous."

Also cited by appellant is *Shea* v. *Shea,* 100 Cal.App.2d 60 [223 P.2d 32], in which the trial court, upon motion of plaintiff, made an order after entry of the final decree of divorce, which order modified the previous custody orders of the court so as to restrain the defendant, who had custody of the parties' minor children, from removing them from the State of California. Upon appeal the court, citing the Heinz case, *supra,* held that in the absence of an affirmative finding that the rights or welfare of the children would be prejudiced by their removal, the trial court had no authority to restrain such removal.

But as pointed out by respondent, in the cases cited by appellant the care and custody of the minor children were awarded to one parent, whereas in the instant case the care

and custody were awarded to the parents jointly. Respondent cites the later case of *Gudelj* v. *Gudelj*, 41 Cal.2d 202 [250 P.2d 656], in which the Supreme Court said at page 209:

"Custody of the child was given jointly to Catherine and John, with physical custody in Catherine. John was given the right to visit the boy at reasonable times and to have him for at least one day each week. Presumably, such visits are for the best interests of the child. The record includes testimony to the effect that Catherine had threatened to remove the boy from the state and to change his name, thus defeating John's visitation rights. Under such circumstances, it cannot be said that the restrictions imposed upon removal of the child amount to an abuse of discretion. The trial court maintains continuing jurisdiction of the matter and, in the future, if circumstances should arise of the kind suggested by Catherine, appropriate modifications of the custody provisions may be made."

It is clear from the statement in the ruling of the court that the court believed it was for the best interests of the children that they not be removed from Calaveras, and it is apparent that the court believed that appellant intended to take the children to the Hawaiian Islands where it would be difficult for respondent father to see them frequently. While we have no record of the oral testimony given before the court, the court stated in its ruling that it occupied two full days. We have no doubt that the court found ample support for its conclusion that the children should not be removed from Calaveras County. The court stated in its ruling:

"The children are fond of both of their parents and are the victims of an unhappy circumstance—a broken home. They expressed a preference to live on the ranch.

"I can see no reason why either parent should be deprived of the society and companionship of their children.

"A consideration of all the evidence impels me to hold that neither parent should have the custody of the children taken from them. The children are the most precious possessions that the parents have in this world."

Questions as to the custody of minor children of divorced parents are matters within the sound discretion of the trial judge who has an opportunity to observe the parties and hear the evidence, and his decision should not be disturbed by an appellate tribunal unless it clearly appears that there has been an abuse of discretion. No such abuse of discretion is shown in the instant case and we believe that under the decision in

*Gudelj* v. *Gudelj, supra,* the court had the power to impose the restrictions complained of by appellant.

Appellant contends also that ''The court erred in considering the property settlement agreement binding upon the question of child support and therefore refusing to consider the need for such support from defendant and defendant's ability to contribute such support.''

The court in its ruling on the motions stated:

''Plaintiff is asking the court to require defendant to pay plaintiff $150 per month for the support of the minors and a counsel fee of $200.

''The testimony shows that plaintiff received from defendant, during the year 1955 in accordance with the terms of the property settlement agreement the sum of $3175.15. Defendant has complied with all the terms of the agreement and has made other payments on behalf of plaintiff not required to be made by him alone. I do not think that the court has the power to modify the amount set forth and agreed upon between the parties.''

Appellant argues that the court denied any further allowance upon the mistaken belief that the court had no power to change the provisions of the interlocutory decree with reference to the custody of the children because of the provisions of the property settlement agreement. We do not believe that the learned trial judge was under any misapprehension as to his power to make additional allowance for the support of the children, notwithstanding the terms of the property settlement agreement, if the need for such additional allowance was shown. It is of course the law that parents may not by a property settlement agreement between themselves relieve themselves from their obligation to provide needed support for their minor children so far as they are able to do so.

In the instant case, however, the property settlement agreement divided the income of the property of the parties in such a manner as to, in the judgment of the court, provide ample support for the children, and we are satisfied that what the court meant in stating that it had no power to modify the amount set forth in the agreement was that under the facts and circumstances of the instant case it was neither necessary nor proper to modify the terms of the property settlement agreement as to the support of the children. Furthermore, the well settled rule is as stated in *Wittman* v. *Wittman,* 32 Cal.App.2d 184, at page 186 [89 P.2d 419]:

''Conceding that in some instances a court of review will

for certain purposes examine such a memorandum [memorandum of decision], it is settled law that the court of review will not examine such a memorandum for the purpose of defeating the judgment of the trial court. (*Scholle* v. *Finnell,* 173 Cal. 372, 376 [159 P. 1179] ; 24 Cal.Jur. 924.)''

In view of the foregoing we are convinced that the making of the order appealed from was a matter within the sound discretion of the trial court and that it does not appear·that there was an abuse of discretion.

The order is affirmed.

Van Dyke, P. J., and Peek, J., concurred.