[Civ. No. 166.   Fifth Dist.   July 24, 1962.]

ROGER ALFRED DENHAM, Plaintiff and Appellant, v. GENEVIEVE BLANCHE DENHAM MARTINA, Defendant and Respondent.

Barreiro & Dilling and James R. Dilling for Plaintiff and
Appellant.

Walch, Griswold, Braden & Dittmar and S. C. Dittmar, Jr.,
for Defendant and Respondent.

CONLEY, P. J.—Roger Alfred Denham, plaintiff and ap-
pellant, petitions the court for a writ of supersedeas on his
appeal from an order awarding a change of custody of his two
minor children to the defendant and respondent. On May
23, 1955, an interlocutory decree of divorce was granted to
him by the Superior Court of Kings County; the final decree
was entered on June 4, 1956. By the decrees the custody of
the minor children, Roger Gary Denham and Penny Denise
Denham, was awarded to neither party but to plaintiff's
parents, Ivo C. Denham and Vera Denham, subject to the
defendant's right of reasonable visitation. During most of the
intervening period the father of the children has lived with
them in the home of his parents. The defendant is remarried
and resides in the State of Illinois.

On June 18, 1962, the Superior Court of Kings County made
an order requiring plaintiff to show cause why the decree of
divorce should not be modified by awarding the custody of the
children to defendant and respondent. Plaintiff thereupon
filed a motion for modification of the decree to give him
custody of the children. The order to show cause and the
motion for modification were consolidated, and a hearing was
held on July 3, 1962, resulting in an order that custody of
the children be awarded to defendant with reasonable rights
of visitation reserved to the plaintiff.

As a result of this order, unless a writ of supersedeas is
issued as requested by appellant, the mother, after the expira-

tion of the statutory stay (Code Civ. Proc., § 949a) will remove the children to her own home in Illinois, thus changing their place of residence from California to Illinois.

On July 5, 1962, appellant filed a notice of appeal. The decision of this application for supersedeas involves a construction and application of section 949a of the Code of Civil Procedure as amended in 1957. By its terms that section stays the enforcement of the order for a period of 30 days from its entry; the section provides that a further stay may be granted by the superior court or that a stay by writ of supersedeas or other writ or order may be effected by this court to protect the appellate jurisdiction. Section 949a of the Code of Civil Procedure reads as follows:

"An appeal does not stay proceedings as to those provisions of an order or judgment which award, change or otherwise affect the custody, including the right of visitation, of a minor child in any civil action, action filed under the Juvenile Court Law, or special proceeding nor the provisions of an order or judgment for the temporary exclusion of a party from a family dwelling or the dwelling of the other, as provided in Section 157 of the Civil Code; provided, the trial court may, in its discretion, stay execution of such provisions pending review on appeal or for such other period or periods as to it may appear appropriate; provided further, that in the absence of a writ or order of an appellate court providing otherwise, the provisions of such an order or judgment allowing, or eliminating restrictions against, removal of the minor child from the State are stayed by operation of law for a period of 30 days from entry of the order or judgment and are subject to any further stays ordered by the trial court, as herein provided. The appellate court shall have the power to issue a writ of supersedeas, injunction, or other appropriate writ or order in such proceedings as may be proper in aid of its jurisdiction."

■ It is an important right and duty of the courts of this state to preserve their effective jurisdiction and control over cases which are heard by them until final judgment. If the order should be reversed on appeal and the children are then no longer within the territorial limits of the State of California, it would be impossible in the absence of wholly voluntary cooperation on the part of the defendant to enforce any change of the order for custody at that time. This basic fact was repeatedly recognized by our courts prior to the enactment of section 949a of the Code of Civil Procedure

in its present form. At that time the courts of this state laid down an inflexible rule that they would not permit the execution of an appealed order of a trial court which would have the effect of making it impossible for them later to enforce their own decrees because of the absence of the children from this state.

In *Lerner* v. *Superior Court,* 38 Cal.2d 676, 684 [242 P.2d 321], it is said: "An order which so disturbs the custody of the child as to permit him to be taken out of this state, pending final determination of the appeal, would be an act in excess of the jurisdiction of the trial court." (See also *Gantner* v. *Gantner,* 38 Cal.2d 691 [242 P.2d 329]; *Gantner* v. *Superior Court,* 38 Cal.2d 688 [242 P.2d 328]; *Foster* v. *Superior Court,* 4 Cal.2d 125, 127 [47 P.2d 701]; *Milne* v. *Goldstein,* 194 Cal.App.2d 552, 557 [15 Cal.Rptr. 243]; *Ward* v. *Ward,* 150 Cal.App.2d 438 [309 P.2d 965].)

Section 949a of the Code of Civil Procedure, by its terms, recognizes the right of the appellate court to issue a writ of supersedeas or other appropriate writ or order in aid of its jurisdiction, and the basic reasons for the earlier decisions of the upper courts of the state still persist. In this connection, the intervening opinions of our courts since the enactment of section 949a in its present form should be read with the clear distinction in mind between cases in which the children will remain in California due to the residence of the party awarded custody and the cases in which it is certain that the children would be removed from the jurisdiction during the appeal.

Respondent maintains that this court should not issue the writ of supersedeas because there is no showing that the appellant first applied to the superior court for an order prolonging a stay. This contention is without merit in the present circumstances. It appears that upon petition of the defendant before the hearing in this court the trial judge ordered a writ of habeas corpus to issue, looking to a transfer to the defendant of immediate custody of the children; this fact makes it certain that the lower court would have refused to grant a further stay of proceedings herein if requested by plaintiff. Since the trial court ordered the issuance of the writ of habeas corpus, it is apparent that it intended the order modifying custody previously issued to be effective immediately. Thus, it would have been an idle act for plaintiff to apply to the same court for a writ of supersedeas. Fur-

thermore, the code section itself recognizes the right of the appellate court to preserve its jurisdiction through the issuance in a proper case of a writ of supersedeas or other order staying the effect of the order changing custody. (*Sanchez* v. *Sanchez,* 178 Cal.App.2d 810, 812-813 [3 Cal.Rptr. 501].)

■ There is no reason why the rule of the exhaustion of administrative remedies should be applied to a matter of this kind. This court has a right to preserve its jurisdiction irrespective of any prior application to the lower court. It is true that there have been cases in which removal of the children from the state was not involved where the court has assigned as one of the grounds for denying supersedeas that no prior application for a stay was made to the lower court. (*Faulkner* v. *Faulkner,* 148 Cal.App.2d 102 [306 P.2d 585].) This is one of the factors which may be weighed by an appellate court in the exercise of its discretion, but the failure to apply to the lower court is not a jurisdictional defect insofar as the right of the appellate court to take action by supersedeas is concerned.

■ Another ground upon which respondent urges that this court should not intervene is the claim that it does not appear from the record that there is a likelihood of a successful appeal. We obviously can not pass upon the merits of the appeal itself at this time or predict the likelihood of a reversal, except to say that we are convinced that the appeal was filed in good faith and that there are factors, referred to hereafter, which would make questionable the propriety of the order made by the court below. As is said in the opinion written by Mr. Justice Tobriner in *Sanchez* v. *Sanchez, supra,* 178 Cal. App.2d 810, 818 : ". . . we cannot say that 'probable error has not been made to appear.' The possibility remains that by appeal the order of the change of custody may be reversed."

With respect to the question whether the welfare of the children will best be served through the issuance of the writ of supersedeas, we have before us the following facts: the plaintiff was awarded the divorce, which means necessarily that he had a good cause of action to seek to sever the marital bond with the defendant; the court at that time obviously thought that there should be no award of custody to the mother even though the children were infants of such an age that normally a mother capable of caring for them would have been awarded custody under the applicable code section (Civ. Code, § 138) ; whether the mother has rehabilitated herself in the meantime may be open to question; at the time the interlocutory decree

of divorce was granted the minor children were 2 years and 8 months of age, respectively; during the more than seven years that have ensued the children have shared the same residence as their father, the appellant, in the State of California; but the respondent mother of said children has visited them only four times for brief intervals; the children apparently have been well cared for, and, like all young human beings, they have become attached to their customary surroundings; it would result in a shock to them at their tender age to be removed from the home to which they have become accustomed and taken many miles away to new surroundings in a distant state; in the event that there should be a reversal of the order changing custody, the psychic shock would be exacerbated by a second removal to California; common experience reinforces psychiatric opinion that the pulling and tugging at children by warring parents is not good for the young victims; it would seem obvious that it would be for the benefit and welfare of the children if they are not immediately removed to new surroundings. Respondent points out that the appellant has been remarried twice since his divorce, but it is also shown that the mother herself has remarried. It appears to us that as the children have lived for over seven years in California it would not be in the least harmful to them to continue their present residence until the appeal is determined (*In re Barr,* 39 Cal.2d 25, 29 [243 P.2d 787] ; *Gantner* v. *Gantner, supra,* 38 Cal.2d 691) ; on the other hand, the psychic shock which would result from their removal to Illinois might well prove harmful to them. Therefore, we conclude that an order which would preserve the jurisdiction of the California courts would also be to the best immediate interest of the children.

Let the writ of supersedeas issue, conditioned, however, upon expeditious filing of the record on appeal and the filing of appellant's briefs on appeal within the time prescribed by the ''Rules on Appeal'' and without extensions of time thereon; also, conditioned upon the right of defendant to visit with her children at their present home at all reasonable times and without interference.

Brown, J., and Stone, J., concurred.