[Crim. No. 800.   Fourth Dist.   July 15, 1954.]

THE PEOPLE, Respondent, v. JEROME D. PRIEGEL, Appellant.

Robert N. Reynolds for Appellant.

Edmund G. Brown, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The defendant was charged with the crime of escape from a county hospital, in violation of section 107 of the Penal Code, and was further charged with three prior convictions. He admitted the prior convictions, and pleaded not guilty and not guilty by reason of insanity. He later withdrew the plea of not guilty by reason of insanity, and waived a jury trial. The court found him guilty as charged, and he has appealed from the judgment.

While the defendant was confined in the county jail, awaiting trial on another felony charge, a judge of the superior court made an order, on August 20, 1953, for his removal to the county hospital. This order, after reciting that it appeared by affidavit that the defendant is a prisoner confined

in the county jail under due process of law, and that he requires attention which cannot be furnished in said jail, reads:

"It Is Therefore Ordered that said Priegel, Jerome D. be removed from said County Jail to the San Diego County Hospital for treatment, and be kept there and so treated, and upon his recovery be returned to the custody of the Sheriff of San Diego County.

"It Is Further Ordered that said Priegel Jerome D. be kept at said San Diego County Hospital during the period of his treatment without guard."

Pursuant to this order defendant was taken by two of the sheriff's deputies to the county hospital, where he was placed in the psychopathic ward. He was in handcuffs from the time the officers took him from the jail until they arrived inside this ward, after which the handcuffs were removed and the doors of the ward were again locked. In addition to the other locked doors of this ward, the defendant was placed in a room the door of which was kept locked. The window of this room was covered with a heavy mesh grating which was locked with a padlock. Early in the morning of August 23, the defendant escaped through this window. A piece of steel was found in his room, the padlock from the window was sprung, and the wire mesh was bent. The defendant was found and again taken into custody two days later, and this proceeding followed. The defendant testified, among other things, that he was sent to the county hospital at his own request; that he had asked to go there for medical attention; that he had complained of pains in his head; that he had been in the psycopathic ward once before; that he could not say definitely whether or not he had asked to be sent to the psycopathic ward; and that he would not say that he was sent to the psycopathic ward against his will.

The sole contention here made is that the evidence is not sufficient to support the judgment of conviction. It is argued that at the time of his alleged escape the defendant was not a "prisoner" within the meaning of section 107, since the provision in the court's order that he be kept "without guard" means that he was not to be guarded or restrained in any way; that the phrase "without guard" controls over the word "kept"; that it appears that he was not in custody since the court order provided that upon his recovery he should be "returned to the custody" of the sheriff; that any restraint imposed upon him by the hospital attendants was illegal, since the court's order provided that he was not to be guarded or

restrained; and that it conclusively appears that by the order made the court released him upon his own recognizance.

The entire order made by the court must be considered as a whole, and not merely one phrase therein, in order to determine its meaning and effect. The fact that the defendant was to be kept "without guard" does not eliminate the effect of the provision that he was to be "kept," and does not indicate that he was being released from custody, or that he was free to stay in the hospital or leave as he chose. It was ordered that he be "removed" from the jail to the hospital "for treatment, and to be kept there and so treated," and further ordered that on his recovery he was to be "returned" to the custody of the sheriff. Instead of indicating an intention to release the defendant from custody for a time, the order clearly discloses an intention to maintain continuous custody, the only change being with respect to the place of custody. It is specifically ordered that he is to be "kept" in the hospital "during the period of his treatment," and to be then returned to the custody of the sheriff.

The use of the phrase "without guard" relieved the sheriff of the duty of furnishing a deputy to guard the defendant during the period of treatment but in no way affected the duty placed on the hospital authorities to keep him there during that period, and until he was returned to the custody of the sheriff. The only way they could carry out the court's order was to lock the defendant up, and the evidence is that the only facilities they had for keeping a patient locked up was by placing him in the psychopathic ward. This was done, and while the defendant was thus being kept behind locked doors and windows he broke out and escaped.

The order cannot, as a matter of law, be interpreted as one releasing the defendant on his own recognizance, or in any way releasing him from custody, and the evidence sustains the judgment of conviction.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.