[Civ. No. 9279.   Third Dist.   June 18, 1958.]

WINIFRED BOLING et al., Appellants, v. EARL WOOD
et al., Respondents.

P. M. Barceloux, Burton J. Goldstein and Goldstein, Barce-
loux & Goldstein for Appellants.

Rich, Fuidge & Dawson for Respondents.

VAN DYKE, P. J.—This is an appeal from an order granting defendants' motion for a new trial in a personal injury action wherein a jury had, by its verdict in favor of plaintiffs, awarded the sum of $3,000 in damages.

Appellants are former tenants of respondents. The apartment which they occupied had a skylight in the ceiling of the living room, directly above which there was a skylight in the roof. The two skylights broke when respondent Earl Wood slipped while repairing the roof. Appellants contended that at the time he was carrying a roll of roofing paper and that when he slipped the roll came through both skylights and struck Winifred Boling a glancing blow on the head, resulting in a neck injury. Respondents conceded that Earl Wood slipped while near the skylight in such manner that his elbow broke the glass; that the broken glass in turn fell upon and broke the glass in the second skylight, precipitating shattered glass into the living room where Winifred Boling was standing; and that she suffered minor cuts from glass. But respondents contended throughout the trial that no roll of roofing paper had fallen. The evidence upon this issue was sharply conflicting, and, as aptly stated by respondents herein, the conflict was of such nature that one side or the other necessarily presented false testimony.

Winifred Boling testified in detail as to the happening of the accident, including the fall of the roofing paper. Warren Boling was not present in the home when the accident happened. He testified that, when he arrived, he found his wife and the two respondents, Earl Wood and John Wood, his son, all gathered at the residence and that there then ensued a conversation among the four, wherein respondents both admitted that the roll of roofing paper had fallen through the skylights when Earl Wood slipped on the roof. At the trial both respondents denied the roll fell and both denied that they had held the conversation with Mr. and Mrs. Boling in which, according to both Mr. and Mrs. Boling, they admitted the roofing paper did, in fact, fall through the skylights. Thereafter, respondents attacked the credibility of both Mr. and Mrs. Boling in respect of the fall of the roofing paper. This attack was made first during cross-examination of Mrs. Boling. The cross-examination was searching and extensive and must have indicated to the jury that the cross-examining counsel was seeking to establish that upon the issue of the fall of the roofing paper and with respect to the four-party conversation she was fabricating her testimony. The same

type of cross-examination was directed to Warren Boling after he had testified as to the conversation. Thereafter, the respondents testified in support of their case in chief. They categorically denied all of the evidence of the Bolings with respect to the roofing paper falling through the skylights and with respect to the conversation containing the admissions. Having made these denials, Earl Wood was asked if he had had any indication at all that Mrs. Boling was claiming she had been struck on the head with a roll of roofing paper until the day he had been served with process in the action. He replied that the first information he had as to such a claim was when he read the assertions in the newspapers two days before he was served, some nine months after the accident. On cross-examination Earl Wood repeated these assertions. Respondent John Wood also testified that Mrs. Boling made no claim immediately after the accident to having been struck on the head by a roll of roofing paper. He was then asked when was the first time that he had heard any claim concerning the roofing paper and he replied that some neighbors had said to him that they had read in the paper that such a claim was being made. Thereafter, respondents put three witnesses on the stand who testified in such a way as to support a conclusion by the jury that the roofing paper had not fallen into the room, and, therefore, that the Bolings had fabricated that part of their testimony. These witnesses also testified that Mrs. Boling made no such complaints when they came to the house shortly after the accident. One witness, a daughter of Earl Wood, testified that, although Mrs. Boling lived in the same apartment from August until the following March, after the accident, she never at any time during that period told the witness that she had been struck on the head by a roll of paper. She further said that the first time she had heard of the claim was when she heard her father and her brother talking about it about the time that the news was reported in the paper. A sister of Earl Wood also testified that she had been in the Boling home the afternoon of the accident and that Mrs. Boling had not told her then she had been hit on the head by a piece of roofing paper coming through the skylight. In rebuttal, appellants called two witnesses to rebut the inference of fabrication. The issue on appeal revolves around the receipt in evidence of the testimony of one of them. A Mr. Ludy testified, over objection, that a day or so after the accident he met with his fellow worker, Warren

Boling, and in a conversation that ensued had been told by him that his wife had suffered an accident in which a roll of roofing paper had fallen on her through the skylights over their living room. Another witness testified that shortly after the accident she had received a letter from Mrs. Boling stating that she had been hit on the head with a roll of roofing paper, and that her landlord, while roofing the house, had let it drop through two skylights.

A motion for a new trial was made and was granted. We quote the memorandum and order granting new trial: "In my opinion there was not sufficient foundation for the admission of the statement by Mr. Boling to the witness Ludy. The only party as to whom the direct charge of fabrication could be leveled was not shown to be present and did not participate in the conversation. [We assume the court referred to Mrs. Boling as the only party to whom the direct charge of fabrication could be leveled.] It was, therefore, pure hearsay and not competent under the rehabilitation rule. . . . The motion for new trial should be granted and it is so ordered."

We think that, under applicable law, the trial court erred in granting a motion for a new trial upon the grounds stated. In *People* v. *Walsh,* 47 Cal.2d 36 [301 P.2d 247], it was held that where the opposition has assailed the testimony of a witness as being of recent fabrication, an exception to the hearsay rule allows the admission of evidence of statements or conduct prior to the claimed fabrication and consistent with the testimony of the witness at the trial, not to prove the facts of the case, but as tending to show that the witness has not been controlled by motives of interest and that he has not fabricated something for the purpose of the case; that the charge of recent fabrication need not have been made expressly but it is sufficient if the record indicates this was the purpose of the opposing party. We think the rules declared in the cited case dispose of the appeal herein. There can be no doubt that because of the sharp conflict as to the fall of the roll counsel for respondents made every effort available to him to impeach the testimony of Mr. and Mrs. Boling by introducing testimony that they had, long after the accident, and prior to the trial, and acting in collusion, invented the story they told about the fall of the paper. Therefore, they were entitled to introduce the evidence which the court at the trial received and which tended to rebut the charge of recent fabrication. The court, therefore, was in error in holding that a sufficient foundation had not been laid for receiv-

ing in evidence the rehabilitating testimony of the witness Ludy as to the conversation he held with Mr. Boling shortly after the accident, in which Mr. Boling made statements to him consistent with the testimony he gave on the trial. The attempted distinction between the status of Mr. and Mrs. Boling will not stand analysis. Both stood directly charged with recent fabrication. No other ground for the granting of a new trial appearing in the order, the order appealed from must be reversed. (See *Estate of Baird,* 198 Cal. 490, 507 [246 P. 324], and *Conner* v. *Southern Pac. Co.,* 38 Cal.2d 633, 637 [241 P.2d 535].)

The order is reversed.

Peek, J., and Schottky, J., concurred.