[Civ. No. 22906.   Second Dist., Div. One.   Aug. 21, 1958.]

LOUIS A. CHASE et al., Appellants, v. THE SUPER-COLD CORPORATION (a Corporation) et al., Respondents.

Gendel & Raskoff and Donald L. King for Appellants.

Turcotte & Goldsmith, Mitchell, Silberberg & Knupp and Macklin Fleming for Respondents.

FOURT, J.—This is an appeal from a "judgment of dismissal" due to the failure of plaintiffs to comply with an order requiring plaintiffs to furnish security for the reasonable expenses which might be incurred by the defendants in said action, pursuant to section 834, Corporations Code. The plaintiffs, as shareholders of The Super-Cold Corporation (hereinafter referred to as Super-Cold) instituted a derivative action against Super-Cold; Nicholas A. Kessler, an officer and director of Super-Cold; U.S. Industrial Tool Company, a corporation substantially owned by Kessler; Frederick R. Waingrow, an officer and director of Super-Cold; and Union Enterprises, Inc., a corporation substantially owned by Waingrow. By their action, plaintiffs sought to impose a trust on all of the assets of Super-Cold which were held in the names of the individual defendants or of their substantially owned corporations, and to recover certain of the assets of Super-Cold which were alleged to have been improperly distributed to the individual defendants.

Each of the defendants separately moved the court for an order requiring plaintiffs to furnish security for costs under the provisions of section 834, Corporations Code, upon the basis that there was no reasonable probability that the prosecution of the cause of action would benefit Super-Cold or its security holders; and on March 28, 1957, after a full hearing, the court ordered security for the probable reasonable expenses, including attorneys' fees, to be incurred in the defense of the action in the sum of $7,000 as to defendant Super-Cold, in the sum of $35,000 as to defendants Nicholas A. Kessler and

U.S. Industrial Tool Company, and in the sum of $15,000 as to defendants Frederick R. Waingrow and Union Enterprises, Inc.

It was ordered that said security be furnished by plaintiffs within sixty days after service upon plaintiffs of written notice of the signing of the order. Written notice of the signing and entry of the order was served on plaintiffs on April 1, 1957, and the plaintiffs having failed to furnish security as ordered, the court dismissed the above-entitled action on June 14, 1957.

The constitutionality of section 834 of the Corporations Code was determined by the Supreme Court in *Beyerbach* v. *Juno Oil Co.*, 42 Cal.2d 11 [265 P.2d 1], the court stating (at p. 21) that "every stockholder who, like plaintiff, is unable to induce the corporation, through its board of directors, to institute a particular action on its own behalf, and who undertakes as its volunteer representative to sue on the cause asserted by him, may be required to furnish security."

The court further stated (at pp. 23-24): "In these circumstances the Legislature, for the protection of third persons who have dealt with the corporation, as well as for the protection of the corporation and its officers and employees, can constitutionally require the stockholder who would act as in the nature of a guardian ad litem must, as a condition of prosecuting the action on behalf of the corporation, either show a reasonable probability that the suit will be successful or secure the payment of the defendants' expenses should they prevail. The Legislature, of course, can attribute some weight to the fact that the corporation has not seen fit to institute action on a cause which either belongs to it or to no one."

It was further emphasized in *Melancon* v. *Superior Court*, 42 Cal.2d 698, 708 [268 P.2d 1050], that in actions where the shareholder is required to post security pursuant to the provisions of section 834 of the Corporations Code, the cause of action, if any, belongs to the corporation and not to the plaintiff. (See California Corporation Laws, 1950 Supplement (by Ballantine, Sterling & Harriet R. Buhler), § 98.5, Derivative Actions by Shareholders—Comment on Section 834; § 98.6, Qualifications of Plaintiff; demand and disclosure —Comment on Subdivision (a) of Section 834.)

In this appeal it is contended that the requirements for the granting of a motion for security for costs as set forth in section 834 of the Corporations Code have not been satisfied

in that, as a matter of law, the finding of the trial court that there was no reasonable probability that there would be a benefit to the "plaintiff-stockholders" was erroneous. Actually, the finding of the court was "there is no reasonable probability that the prosecution of the causes of action, or any of the causes of action, alleged in the Complaint against the moving parties, or any of them, *will benefit the corporation or its security holders.*" (Emphasis added.) Appellant contends that at the time the decision to liquidate Super-Cold was reached on September 27, 1954, the defendants Kessler and Waingrow became and at all times thereafter were trustees of an express trust, the trust res consisting of all of the assets of Super-Cold. The record before us clearly indicates, however, that the liquidation was conducted under the direct supervision of the Board of Directors, of which Kessler and Waingrow were members. Under the circumstances the proper standard of conduct required of said defendants in the discharge of their fiduciary responsibilities is that of corporate officers and directors.

Appellants have cited many cases pertaining to different types of trustees, such as trustees of a testamentary trust, executors and others, but they have not directed us to any authority on the subject with which we are immediately concerned, namely whether a director, since the enactment of Corporations Code, section 820, is a trustee as that term is used, for example, in a testamentary trust.

. This court, in the case of *Crespinel* v. *Color Corporation of America,* 160 Cal.App.2d 386 [325 P.2d 565], had occasion to comment upon the fiduciary obligation owed by corporate directors to the corporation, and stated, among other things (at page 390): "The former rule of disqualification of a director to deal in any way with the corporation was found by a State Bar Committee in 1930 to be unreasonably severe and unduly to hamper legitimate business; and this led to the adoption of Civil Code, section 311, in 1931, which in amended form is now Corporations Code, section 820. This section is commented on in Ballantine and Sterling, *California Corporation Laws,* 1949 edition (at pp. 103-104), as follows: 'Directors are no longer subject to the disqualification and disabilities of a trustee when contracting with or on behalf of the corporation as declared in various cases heretofore. *Directors are. fiduciaries, but are not strictly trustees.*' (Emphasis added.) It is further stated (at p. 106), 'The general fiduciary rule is that the burden of proof as to reasonableness and fairness is on the

fiduciary, but this is to be regarded as an elastic rule of common law rather than of statute. This section does not attempt to apportion the burden of proof under different circumstances, for example as to the fairness of a loan by directors to a corporation, or to provide what the effect of non-disclosure of adverse interest may be. Such questions must be left to the dictates of policy and fairness rather than to any hard and fast rule. There is not necessarily any presumption of fraud, inadequacy of consideration or unfairness unless the circumstances call for it.

" 'It had been held that the director of a corporation is not absolutely precluded from dealing directly with the corporation of which he is a director, if the corporation is represented by an independent majority, although any such transaction is subject to scrutiny and is voidable for any violation of his duty as director. This was true in spite of his failure to disclose his adverse interest unless the corporation sustained some detriment or he obtained some undue advantage.' " (See also 37 Cal.L.Rev. 399; 40 Cal.L.Rev. 104; 31 Cal.L.Rev. 515; *Olson* v. *Basin Oil Co.*, 136 Cal.App.2d 543 [288 P.2d 952].)

Further reference to California Corporation Laws, Ballantine and Sterling and Harriet R. Buhler, 1949 ed., is pertinent here with regard to section 820 of the Corporations Code, where the following comments thereon appear in section 84 (at pp. 102-106):

"The first sentence of this section [Corp. Code, § 820] is declaratory of the general fiduciary duty of directors and officers to use their powers in good faith for the benefit of the shareholders. It is universally recognized, without the aid of statutory declaration, that directors are held to act in the highest good faith and loyalty and with a view to the best interests of the corporation which they represent. The powers of the directors must be exercised for the benefit of the shareholders generally and not for the benefit of themselves or of the promoters or of some favored few.

.   .   .   .   .   .   .   .   .

"The fiduciary duty is not relaxed by this section to the extent that a director may obtain any unfair advantage or profit for himself by misrepresentation, concealment or undue influence. He may not use his office for his own private advantage. He may, however, take part in transactions in which he or any corporation for which he acts has an interest adverse to the corporation, whether the corporation is repre-

sented by an independent board or agent or not. The non-disclosure of his adverse interest is not necessarily fraud, actual or constructive, though it is a circumstance to be considered. A director cannot deal with his corporation at arm's length even if it is represented by an independent majority and even if the director's presence or vote is not necessary. He cannot abdicate his duty and leave it to others to protect the corporation while he drives a harsh and unfair bargain by using his influence or bargaining skill for himself. He must account for unfair profits made or received in disregard of his duty.

"The second and third sentences of Section 820 declare in effect that a contract is not void or voidable merely by reason of the fact that an adversely interested director's vote is counted to make up a quorum or a majority of the board or committee which authorizes such contract. Even though such participation by the adversely interested director is necessary, the contract will be neither void nor voidable if, (a) the director's interest is disclosed and noted in the minutes of the board or committee which authorizes, approves or ratifies such contract in good faith by a vote sufficient for such purpose without counting the vote or votes of such director; or (b) if disclosure of the director's interest is made to the shareholders and they approve or ratify the contract in good faith by a majority vote of the voting shares; or (c) if, in any case, the contract is just and reasonable as to the corporation at the time of its authorization or approval.

"This section thus abrogates the doctrine that a director is disqualified from participating in the authorizing of any transaction in which his personal interest is antagonistic to that of the corporation, so that his vote or his presence could not be counted toward a quorum or a majority of directors to adopt a resolution. Transactions so authorized will, however, still be voidable by the corporation by an affirmative act of disaffirmance in case the contract or transaction is not just and reasonable as to the corporation or is not ratified in good faith after due disclosure."

The record before us fails to establish that the directors and officers did not exercise their powers in good faith and with a view to the best interests of Super-Cold, or that the trial court abused its discretion in determining that "there was no reasonable probability that the prosecution of the causes of action, or any of the causes of action, alleged in

the complaint against the said defendants, or any of them, would benefit the corporation or its security holders.''

The judgment is affirmed.

White, P. J., and Lillie, J., concurred.

A petition for a rehearing was denied September 16, 1958, and the opinion was modified to read as printed above. Appellants' petition for a hearing by the Supreme Court was denied October 15, 1958. Traynor, J., was of the opinion that the petition should be granted.