[Civ. No. 9778.   Third Dist.   Dec. 4, 1959.]

N. CIRINICONI et al., Respondents, v. LEONARD GREEN, Appellant.

*Assigned by Chairman of Judicial Council.

Albert E. Cronin, Jr., for Appellant.

Simeon S. Reibin for Respondents.

WARNE, J. pro tem.*—This is an appeal from a money judgment in favor of respondents rendered by the court sitting without a jury in a personal injury action.

The action arose out of a collision between an automobile being driven by the respondent Idell Vera Ciriniconi and a station wagon being driven by the appellant Leonard Green. The accident occurred within the intersection of 17th and X Streets in the city of Sacramento.

The appellant first contends that the facts as set forth in the trial court's memorandum opinion concerning the responsibility for the accident and the statement therein that the appellant's car struck the Ciriniconi car on the left side are inconsistent with the testimony given at the trial. Such is not the fact. What the trial court said was: "In addition it should be noted that the entire l̶e̶f̶t̶ right side of plaintiff's car was damaged, so that the front of plaintiff's car might well have been considerably more than eight feet beyond the center line of X Street, and as she testified, 'nearly across the intersection.'" True, the document as typed did use the words "left side" but that error was corrected to read "right side," and when the physical facts as disclosed by the evidence are considered it becomes quite clear that it had to be the right side of respondents' car which was struck. The respective streets are 48 feet wide. The Ciriniconi car was proceeding south on 17th Street and the Green car was traveling east on X Street at the time of the accident. The point of impact was fixed at 32 feet south of the north curb of X Street and 17 feet east of the west curb of 17th Street, hence the impact occurred at least 8 feet south of the center line of X Street; or, in other words, the Ciriniconi car was approximately two-thirds of the distance across the intersection at the time of the impact, thus demonstrating the correctness

*Assigned by Chairman of Judicial Council.

of the trial court's statements. ■ Even if the opinion of the trial court had been inconsistent with the findings, the findings would control. The function of a trial court's opinion is limited. In *Stone* v. *Los Angeles County Flood Control District*, 81 Cal.App.2d 902 [185 P.2d 396], it was contended that the opinion written on the granting of a motion for a new trial contained inconsistent statements and demonstrated that the trial judge had inaccurately analyzed the evidence and incorrectly applied the law. ■ The court stated at page 907: ". . . While an opinion of the judge of the trial court will aid the appellate court in ascertaining the process by which a judgment has been reached it will not be considered in determining whether or not the verdict of the jury or the findings of the court are supported by the evidence. [Citing cases.] The order when made by the court concludes the case and it cannot be impeached by the judge's opinion. The question that concerns the reviewing court is whether or not the final decision, judgment or order is correct and not whether the reasons expressed in the opinion are in harmony with the results reached or whether they sustain the decision. [Citing cases.]" ■ Nor may any antecedent expression of the judge, whether casual or cast in the form of an opinion, in any way restrict his absolute power to declare his final conclusion by filing the decision (findings of fact and conclusions of law) provided for by the Code of Civil Procedure. (*Scholle* v. *Finnell*, 173 Cal. 372, 376 [159 P. 1179]; see also *City of Daly City* v. *Smith*, 110 Cal.App.2d 524, 529 [243 P.2d 46].)

■ The trial court found that the appellant's car struck the respondents' car and the accident was due to appellant's negligence and as the proximate result thereof respondent Idell Vera Ciriniconi sustained personal injuries. As to these matters the case presents nothing more than a conflict in the evidence which the trial court resolved in favor of the respondent Idell Vera Ciriniconi. It is also apparent that the findings of the trial court as to those matters are amply supported by substantial evidence. When there is substantial evidence to support the judgment, it must be sustained. ■ All conflicts must be resolved in favor of the prevailing party and the evidence viewed in the light most favorable to him. (*O'Banion* v. *Borba*, 32 Cal.2d 145, 147-148 [195 P.2d 10].) We conclude that there is no merit in appellant's first contention.

Appellant contends next that the special damages awarded

respondent N. Ciriniconi, the husband of Idell Vera Ciriniconi, were not proven. He complains of two items: (1) nursing care, and (2) medicine and drug bills.

As the result of the accident respondent Idell Vera Ciriniconi suffered an injury to her head, neck, shoulder and arms and a laceration of the right foot. Four or five days after the accident she developed a tremor of the head and right arm which still persisted at the date of trial. Doctor Howard V. Petzold, a neurologist, testified that although his opinion was that the tremor was not organic in origin it was precipitated by the accident in question. It is undisputable that after the accident certain drugs and sedatives were prescribed for respondent Idell Vera Ciriniconi, some of which she was still taking at the time of the trial. The drug bill introduced in evidence totaled $328.46, part of which, however, was for medicines for diabetes and a heart condition which were not caused by the accident. Although there was no segregation of these items, nor any evidence indicating what respondent husband had paid for the medicine and drugs prescribed for the treatment of his wife's injuries, the trial court, nevertheless, awarded him $150. It is argued that the award of $150 for medicine and drugs was an arbitrary award not substantiated by the record. We are in accord with this contention. These are special damages, and it was incumbent upon the respondent husband to prove the same with reasonable certainty.

The trial court also allowed $150 for nursing care which was given by respondent's daughter who is a practical nurse and who cared for her mother for approximately five months after the accident. Appellant contends that there was no evidence in the record that a practical nurse was required to treat or care for respondent husband's wife or that she or he incurred any obligation for the hire of a practical nurse. We do not agree. There was evidence to show that the daughter is a graduate vocational nurse; that her mother was unable to do any housework for five or six months after the accident and was bedridden most of the time; that she assisted her mother with traction by setting up the apparatus; that traction was given pursuant to prescription by Doctor Springer; that she gave her mother bed baths, cooked meals, took care of the house, and administered medication to her mother; that when she worked her salary as a vocational nurse ranged from $10 to $12 per day. At that daily rate the $150 awarded for nursing care was far less than the value of the services rendered. We find no merit in this contention.

Other bills covering legitimate expenses incurred by respondent N. Ciriniconi in the total sum of $166.62 were properly allowed by the trial court.

The judgment in favor of the respondent Idell Vera Ciriniconi to recover from appellant the sum of $4,500 general damages is affirmed, and the judgment in favor of respondent N. Ciriniconi to recover from appellant the sum of $462.62 special damages is ordered modified and reduced to the sum of $316.62, and as so modified is affirmed, respondents to recover costs on appeal.

Peek, Acting P. J., and Schottky, J., concurred.

A petition for a rehearing was denied December 16, 1959.