[Civ. No. 6051. Fourth Dist. Apr. 25, 1960.]

JOHN B. BAILEY et al., Respondents, v. FOSCA OIL COMPANY, LTD. (a Corporation) et al., Appellants.

Rowell, Lamberson & Thomas for Appellants.

Burke & La Rue, Annette La Rue, Stutsman & Nagel and Gerald W. Stutsman for Respondents.

GRIFFIN, P. J. — Plaintiffs and respondents, minority stockholders, acting for the claimed benefit of defendant corporation, allege three causes of action. The first charges issuance of a security by defendant corporation in violation of the Corporate Securities Law and seeks to enjoin the vari-

ous defendants, including defendant corporation, V. I. Sandell, W. A. Crocket, C. W. Alsop, E. C. Flynn and E. R. Orchard, as directors thereof and as trustees, from repaying any moneys obtained thereunder, and seeks to have the "debenture" (note now in default) evidencing the indebtedness declared void, and to protect the assets of the corporation from foreclosure.

The second cause of action is essentially the same as the first and seeks to enjoin two of the defendants, Sandell and Crocket, directors, from enforcing the debenture.

The third cause of action is against the same defendant directors, the corporation and Thomas L. Cleary, et al., and charges various acts of malfeasance and misfeasance against them and charges the misuse of corporate funds for their own pleasure.

Defendants moved the court for an order requiring the plaintiffs to furnish security for costs, under section 834, Corporations Code. Affidavits of the respective parties were filed. Six days of oral testimony was taken. No express independent findings were made or filed. An order, denominated "memorandum opinion and order denying motion for security for costs" was signed. It reads in part as follows:

"The burden of proof is upon the moving parties to show 'that there is no reasonable probability that the prosecution' of any of the causes of action 'alleged in the complaint against the moving party will benefit the corporation or its security holders.' . . .

"The complaint contains three causes of action; the third cause of action among other things alleges improper use of the funds of the corporation for the personal pleasure and benefit of certain of the defendant officers of the organization, and the failure in duty of the director defendants to curb and correct improper and costly activities of a former president and manager, one Thomas L. Cleary. The record does not, in the Court's opinion, show any misappropriation of corporate funds by the individual defendants, and it would seem, under the current rather loose mores relative to directorial responsibility, that there is no reasonable probability that prosecution of the third cause of action will result in benefit to the corporation or its security holders.

"The first and second causes of action deal with an instrument termed a debenture . . . In the Court's opinion, the defendants have not sustained their burden of proof to establish

lack of reasonable probability that the corporation and the security holders thereof would not benefit by the prosecution of this cause of action.

"Accordingly, It Is Ordered that motion of the moving defendants for an order requiring plaintiffs to furnish security for costs be, and it hereby is, denied."

The appeal is from the "whole" of this order. The record on· appeal consists .only of the clerk's transcript and affidavits filed and considered. No reporter's transcript was included.

Defendants argue that, since it is the rights of the corporation that are at issue in the first and second causes of action, and since, as a matter of law, the corporation has no cause of action even if it were a "seller" of securities as plaintiffs contend, neither the first nor second causes of action have any probability of producing benefit to the corporation or to its shareholders, and the plaintiffs should be required to furnish security as to each of these causes of action, or, in the alternative, the actions should be ordered dismissed.

The record indicates that the corporation was financially weak in 1955 and early 1956 and at that time attempted to obtain a permit to issue additional stock to raise money with which to finance prospective oil ventures; that the commissioner of corporations asked for additional information after which the application was abandoned; that Sandell, a director of the corporation, solicited loans secured by a debenture upon which Sandell and Crocket were trustees. Plaintiffs contend that the debenture is a security under the Corporate Securities Law and that it was illegally sold without a permit in violation of the Corporate Securities Law, section 25000 et seq., Corporations Code, and was void, and all of the corporation's assets will be sold under foreclosure sale. The allegations were sufficient to state a cause of action in a derivative suit. See Ballantine on Corporations (Rev. ed., 1946), page 340, where it is said:

". . . But when an *ultra vires,* unauthorized or illegal transaction has been consummated and a wrong has been done to the corporation, then the shareholder's right to sue the directors or wrongdoers for redress is derivative and not primary. If the corporation ought to bring suit against some third person and refuses to do so, the minority shareholder may compel the assertion of the right which the corporation fails to assert, after he has made *bona fide* efforts to induce it to act, making the corporation a defendant, though its real status is that of plaintiff."

■ Defendants contend that the plaintiffs are required to furnish security for the third cause of action, in any event, because, under the evidence adduced at the hearing and in view of the court's finding in the so-called memorandum opinion, there is no reasonable probability, as a matter of law, of producing benefit to the corporation or its shareholders.

In support of the third cause of action, plaintiffs contend that the evidence in the record shows that Cleary, then president of the corporation, wrongfully used corporate funds to pay a personal indebtedness and used corporate funds to pay for a trip which he and his family made to Lebanon. It is also claimed that Sandell and other defendants wrongfully used corporate funds for vacation trips and entertainment of friends. It is also alleged that the money acquired from a previous sale of stock was used for drilling wildcat wells rather than drilling on proved locations as was stated in the application for permit to issue the stock. It is alleged that there was a general conversion of corporate funds and that the corporation should bring an action for recovery of such funds.

Plaintiffs contend that the memorandum opinion of the trial court cannot be used to impeach the implied finding necessarily contained in the order signed by the court, since no findings are required, and that the evidence shows a probability that the shareholders in the corporation will recover on all three causes of action.

■ It is the usual rule that the function of a trial court's opinion is limited and, while an opinion of the judge of the trial court will aid the appellate court in ascertaining the process by which a judgment has been reached, it will not be considered in determining whether or not the finding and judgment of the trial court are supported by the evidence.
■ The question which concerns a reviewing court is whether or not the final decision or order is correct and not whether the reasons expressed in the opinion are in harmony with the results reached or whether they sustain the decision.
■ Nor may any antecedent expression of the judge, whether casual or cast in the form of an opinion, in any way restrict his absolute power to declare his final conclusion by filing the decision. (*Stone* v. *Los Angeles County Flood Control District,* 81 Cal.App.2d 902 [185 P.2d 396]; *Ciriniconi* v. *Green,* 175 Cal.App.2d 812, 815 [346 P.2d 867]; *Strudthoff* v. *Yates,* 28 Cal.2d 602, 615 [170 P.2d 873]; *Scholle* v. *Finnell,* 173 Cal. 372, 376 [159 P. 1179]; *City of Daly City* v. *Smith,* 110 Cal.App.2d 524, 529 [243 P.2d 46].)

294

*Yarrow* v. *State* (Cal.App.) 343 P.2d 359, cited at some length and relied upon by defendants, does discuss several cases and indicates that there may be a distinction where the written opinion is an integral part of the signed final order. (See also *People* v. *Priegel*, 126 Cal.App.2d 587 [272 P.2d 831]; *Mathews* v. *Mathews*, 49 Cal.App. 497 [193 P. 586]; *Lincoln* v. *Superior Court*, 22 Cal.2d 304 [139 P.2d 13].) However, a hearing was granted in the Yarrow case (*Yarrow* v. *State*, 53 Cal.2d 427, 439 [2 Cal.Rptr. 137, 348 P.2d 687]) and there the court said: "Any language illustrative of the trial court's theory or contradictory to the order expressly made, is therefore irrelevant and must be disregarded."

It quotes from *Stone* v. *Los Angeles County Flood Control District, supra,* at page 907, as follows: "The question that concerns the reviewing court is whether or not the final decision, judgment or order is correct and not whether the reasons expressed in the opinion are in harmony with the result reached or whether they sustain the decision."

However, there is a line of cases indicating an exception to the general rule above cited in respect to the use of a memorandum opinion. In *Coakley* v. *Ajuria*, 209 Cal. 745 [290 P. 33] (syllabus), it was said: "While the oral opinion of a trial judge in directing a nonsuit is not in a strict sense a part of the record on appeal, where it furnishes the basis of the court's action and really constitutes the only grounds upon which the judgment may be affirmed, it is proper to give it special consideration."

To the same effect is *In re Oster*, 135 Cal.App.2d 769, 775 [287 P.2d 859], a naturalization proceeding, denying the application where no formal findings were required and none were necessary. The trial court, in its oral opinion, gave its reasons for denying the application. In affirming the order, this court said: "It is proper that an appellate court give special consideration to the reasons given by a trial judge in his oral opinion, where such reasons furnish the basis of the court's action."

In *People* v. *Robarge*, 41 Cal.2d 628 [262 P.2d 14], the trial court gave an erroneous reason for denying a motion for a new trial and the opinion was considered. In *Robertson* v. *Robertson*, 72 Cal.App.2d 129, 136 [164 P.2d 52], it was held that where it is indicated that the judgment was based on an erroneous view of the law, the opinion may be considered. To the same effect are *Canepa* v. *Sun Pacific, Inc.*, 126 Cal.App.

2d 706 [272 P.2d 860]; *Gosnell* v.*Webb,* 60 Cal.App.2d 1 [139 P.2d 985]; *Kyne* v. *Kyne,* 60 Cal.App.2d 326 [140 P.2d 886]; *Finley* v. *Winkler,* 99 Cal.App.2d Supp. 887 [222 P.2d 345]; *Oldis* v. *La Societe Francaise,* 130 Cal.App.2d 461 [279 P.2d 184]; *Boling* v. *Wood,* 161 Cal.App.2d 381 [327 P.2d 65]; *Melancon* v. *Walt Disney Productions,* 127 Cal.App.2d 213 [273 P.2d 560]. Had the trial court failed to comment on the subject at all in the memorandum opinion, it would have been presumed that it acted regularly and received substantial evidence to support its implied findings, particularly where the entire record of the evidence produced at the hearing is not brought before the appellate court. (*Stevens* v. *Stevens,* 129 Cal.App.2d 19 [276 P.2d 139].) There appears to be some evidence before this court (without the aid of the reporter's transcript) in the clerk's transcript and the affidavits tending to support the implied finding reflected by the signed order that as to the third cause of action there was at least a reasonable probability that the corporation might benefit from the prosecution of the third cause of action. If it could be considered that the statement made by the trial judge that in his opinion the record did not show any misappropriation of corporate funds and that there ''seemed'' to be no reasonable probability that the third cause of action would result in benefit to the corporation, such finding would not authorize a denial of the application for security in the order as to the third cause of action. The reason or justification for denial of application as to that cause of action is not clearly indicated by the record. The memorandum opinion rather indicates that the trial judge believed, as a matter of law, that if defendants failed to show that all of the causes of action would not benefit the corporation or its security holders, then no security could be demanded as to the third cause of action alone. If this was the legal reasoning applied, it appears to us that it was erroneous because of the stated purpose for which the statute was adopted. In *Barber* v. *Lewis & Kaufman, Inc.,* 125 Cal.App. 2d 95, 98 [269 P.2d 929], it was held that one of the primary purposes of this section providing for judicial determination of whether security shall be posted by shareholders as condition to prosecution of a stockholders' derivative suit is to give corporations security against groundless suits on the part of shareholders. In the instant proceedings, defendants point out that the third cause of action is by far the one that is

going to involve the greatest expense to defendants, due to the fact that a long and tedious accounting would be required, as well as the attendance of witnesses from Canada, the headquarters of the corporation, and from other parts of the United States. This argument appears to be reasonable, otherwise the purpose of the statute could well be defeated. If, as stated by the trial judge, he was of the opinion there was no probability of recovery on this cause of action and security was ordered, plaintiff may desire to dismiss this cause of action or allow it to be dismissed under the provisions of section 834, Corporations Code. Both parties agree that their research has not disclosed any decision in this state directly on the point. In *Thomas* v. *Summers Gyroscope Co.*, 160 Cal. App.2d 234 [324 P.2d 893], six causes of action were alleged. In that case the trial court found that none of the causes of action alleged would benefit the corporation or its security holders. (See also *Chase* v. *Super-Cold Corp.*, 163 Cal.App.2d 83 [328 P.2d 812].) Section 834, subdivision (a), paragraph (2), Corporations Code, provides that plaintiff must inform the corporation "of the ultimate facts of *each cause of action* against each defendant director . . ." (Italics ours.) Subdivision (b), paragraph (1) requires an allegation in the motion that there is no reasonable probability that the prosecution "of the cause of action alleged in the complaint" will benefit the corporation or its security holders. Subdivision (b) paragraph (2) (b), provides that at the hearing, if the court determines that the "moving party has established a probability in support of *any* of the grounds upon which the motion is based, the court shall fix the nature and amount of security . . ." (Italics ours.)

In 1 California Jurisprudence 2d 646, section 42, in speaking of plaintiff's right to unite different causes of action in one complaint, it is said:

"The purpose of these provisions is to avoid a multiplicity of suits. By their authority a plaintiff may set up in the same complaint any number of separate causes of action that qualify for joinder under the statutory classifications. But the authorization thus given to unite different causes in a single complaint does not amount to a requirement to do so. A plaintiff may exercise the right of joinder at his option, and the defendant has no legal ground of complaint if the plaintiff brings separate suits on several causes of action."

Upon this theory, if plaintiffs had elected to bring several unjustifiable actions by stating all of such claimed causes of

action in one complaint where a justifiable one is alleged, plaintiffs might well defeat the purpose of the statute. We conclude that the portion of the order pertaining to the third cause of action should be reversed and the trial court directed to reconsider that portion of the order in the light of the conclusions here reached.

The portion of the order pertaining to the third cause of action is reversed, with instructions to the trial court to reconsider the motion for an order requiring plaintiffs to furnish security for costs as to that cause of action. Appellants to recover costs on appeal.

Shepard, J., and Coughlin, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied June 22, 1960. Traynor, J., was of the opinion that the petition should be granted.