[Civ. No. 19648. First Dist., Div. Three. Dec. 27, 1961.]

LESTER O. WISLER, JR., Plaintiff and Respondent, v. VENETA D. WISLER et al., Defendants and Appellants.

Stark & Champlin and Herbert P. Moore, Jr., for Defendants and Appellants.

Spruance, Simonian & Pretzer for Plaintiff and Respondent.

DRAPER, P. J.—This is a proceeding brought under Corporations Code sections 2236-2238. The trial court determined that of the 5,000 shares of Skate Arena, Inc., plaintiff is entitled to vote 2,550, defendant Veneta D. Wisler, his wife, 2,400, and defendant Doolittle, Mrs. Wisler's son by a previous marriage, 50. Defendants appeal.

The Wislers married in September 1956. In 1958 they determined to open a new skating rink. Wife supplied substantially all the capital, and her experience in this field was utilized. However, she wanted husband to be manager of the business. An agreement of husband and wife dated April 1, 1958, and minutes of the corporation fix plaintiff's salary and indicate that salary not drawn by him was to be deemed a loan to the business.

Articles of incorporation were filed April 14, 1958, but application for permit to issue the corporation's shares was not filed until May 19, 1959. Balance sheets of December 31, 1958 and March 31, 1959, filed with the application, show as net worth the "investment" of plaintiff and that of Mrs. Wisler, the latter being larger. It is completely clear from the application and from the testimony of the assistant commissioner of corporations that the equity in the going business was the

consideration moving to the corporation. It is equally clear that even though plaintiff's advance originally had been a loan to the business, it had become an investment—an ownership of an equity.

The permit issued on this application July 15, 1959, authorized issue of 5,000 shares to "any or all" of the three persons who are parties to this action. Four certificates, all dated July 15, 1959, were issued: No. 1 to plaintiff for 2,450 shares; No. 2 to Mrs. Wisler for 2,400 shares; No. 3 to defendant Doolittle for 50 shares; and No. 4 to plaintiff for 100 shares. The latter was endorsed by plaintiff to his wife, and all four certificates were thereafter deposited with a bank as escrow holder under the terms of the permit. There is little doubt that wife knew of the issuance of these shares, and there is evidence that she approved their issue before made.

In April of 1960, after domestic difficulties between Mr. and Mrs. Wisler had arisen, a special meeting of the share holders was called. Mr. Wisler was represented by proxy. On a motion to remove the directors, Mrs. Wisler, acting as president, ruled that Mr. Wisler's shares were not properly issued and that only her shares could be voted. The motion was defeated, and a motion to elect new directors was declared out of order. Mr. Wisler brought this proceeding, and Mrs. Wisler and her son appeal from the judgment determining that plaintiff is entitled to vote 2,550 shares.

 Appellants contend that plaintiff's shares are invalid because he gave no consideration for them. This argument overlooks the fact that the permit was concerned only with the total consideration moving to the corporation, and not at all with the identity of the person giving it. The corporation did receive the business, whether from husband or wife or both. Although the record contains no bill of sale, the parties for more than nine months treated the business as that of the corporation. Whatever may be the gaps in the corporate veil as against creditors, the parties to this action cannot and do not seek to deny corporate ownership of the skating rink.

 Appellants also argue that the consideration moving from plaintiff was cancellation of a loan, rather than the required transfer of ownership. This argument overlooks the clear transformation of plaintiff's loan claim to ownership, effected before application for the permit. Plaintiff, who verified the application, clearly is estopped to assert a claim against the corporation for repayment of a loan, and he conceded at oral argument that he makes no such claim.

■ Appellants asked the trial court to find specifically the consideration given by plaintiff for his stock (Code Civ. Proc., § 634), and assert error in the court's failure to make such a finding. The finding was not material. The permit specified only the total consideration to be received by the corporation, and was not concerned with the division of either consideration or stock among the three shareholders. Thus the authority relied upon by defendants (*Reed* v. *Norman,* 41 Cal.2d 17 [256 P.2d 930]) has no application. There are findings that the consideration required was the transfer of the business, and that such transfer was in fact made. These are the ultimate facts, and the request for findings upon immaterial details need not be granted (*Lewetzow* v. *Sapiro,* 188 Cal. App.2d 841, 846 [11 Cal.Rptr. 126]).

■ Finally, defendants assert that the evidence fails to support the finding that certificate 4, endorsed by plaintiff to his wife, was the property of plaintiff. But there is substantial evidence that the transfer was to be effective only upon the death of plaintiff. The trial court accepted this view, and the finding cannot be disturbed here.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.