[Civ. No. 20126.   First Dist., Div. Three.   Aug. 27, 1962.]

WILLIAM L. WISHART, JR., a Minor, etc., Plaintiff and Respondent, v. CESARE CLAUDIO et al., Defendants and Appellants.

152

Berry, Davis, Channell & McNamara, Bacon, Mundhenk, Stone & O'Brien, Alexander, Bacon & Mundhenk and Herbert Chamberlain for Defendants and Appellants.

J. Adrian Palmquist, Irving Liner and Francis T. Cornish for Plaintiff and Respondent.

DRAPER, P. J.—Plaintiff, a boy 10 years old, suffered severe permanent injuries when struck by a rifle bullet. After trial to the court without a jury, he recovered judgment against defendants Claudio, operators of the summer day camp plaintiff was attending; Prinkey, the instructor in charge of the group which included plaintiff; and Charles Unger, 16, who fired the bullet. Defendants Claudio and Prinkey appeal.

Shortly after noon, plaintiff and 12 or 13 other youngsters enrolled at the camp, aged 9 to 13, were taken on a nature study walk by defendant Prinkey. They went outside the day camp grounds to a creek bed, where they stopped to examine plant and animal life. Some 10 or 15 minutes later, young Unger and two younger boys, none connected with defendants' day camp, appeared. Unger had a .22 rifle. Prinkey talked to the three boys, who said they had been hunting, and intended to continue to do so. There is evidence that Prinkey thought young Unger held the gun awkwardly. Prinkey realized that the rifle was dangerous at some distance, but did not warn any of the three boys against shooting near the children of his group. Shortly thereafter he heard two shots. He assumed they were fired from a distance of several hundred yards, but there is testimony that the second shot was fired from a point only 30-45 feet from his charges. He did not warn or remove his group. A third shot was fired, and struck plaintiff.

The court found that defendant Prinkey, while acting as agent and employee of defendants Claudio and within the scope of this employment, "was negligent in the supervision of the plaintiff." Defendants requested special findings (Code Civ. Proc. §§ 632, 634, as amended in 1959). They contend that the finding made did not specify the acts or omissions of Prinkey which constituted negligence. ▇ It is established, however, that when negligence is the ultimate fact at issue, it may be found in general terms. ▇ The 1959 amendments did not change the basic rule as to form and content of findings. The trial court still is required to find only the ultimate facts, and findings upon merely evidentiary facts are unnecessary, and if made are surplusage (*Machado* v. *Machado*, 188 Cal.App.2d 141, 148 [10 Cal.Rptr. 347]; *Lewetzow* v. *Sapiro*, 188 Cal.App.2d 841 [11 Cal.Rptr. 126]; *Wisler* v. *Wisler*, 198 Cal.App.2d 511, 514 [17 Cal.Rptr. 813]).

▇ The complaint alleged negligence in permitting plaintiff minor to leave the camp, contrary to an agreement with

the boy's father, and also in allowing the minor to "roam into a dangerous area, known . . . to be used by the public for shooting." No proof sustained either of these allegations. But the complaint also alleged that defendants "did undertake to care for and did thereby undertake to assume the responsibility for the supervision, . . . safety, care, . . . and observation of and over said plaintiff minor," and that they "neglected (and) omitted . . . to discharge their aforesaid duties." Since the complaint indicates no intention to limit the alleged negligence to the two acts first above recited, it follows that proof of negligent supervision of plaintiff minor is not at variance with the allegations of the complaint (36 Cal.Jur.2d, Negligence, § 295, p. 16). ■■ Moreover, any claim of variance is met by the fact that there was no element of surprise to defendants at trial, since, in addition to the above-quoted allegation of the complaint, plaintiff's pretrial statement clearly specified his reliance upon Prinkey's failure to "exercise due care for his charges," despite "fair warning" of Unger's firing of the gun (see 2 Witkin, Cal. Procedure 1614). ■■■ Still further, the evidence upon which the court resolved the case went in without objection, the case clearly was tried upon the theory that this was the issue, and appellants therefore cannot raise the claim of variance for the first time on appeal (id., Pleading, § 600; Trial § 116).

■■■ The trial court might well have made specific findings of the untruth of the allegations that defendants negligently permitted the minor plaintiff to leave the camp area, and negligently allowed him to enter an area used by the public for hunting. As already pointed out, however, there was no evidence to sustain a finding for plaintiff on either issue. Counsel for both parties, and we, assume that findings adverse to plaintiff were made on both of them. In making this assumption, we honor the proscription of section 634. We do not infer that "the court found in favor of the prevailing party" on these issues. We assume the contrary. We rest our decision upon the finding of negligence in the supervision of the minor plaintiff. This finding is sufficient to sustain the judgment.

■ There remains defendants' contention that the evidence does not support the finding. This contention is sound only if the evidence does not permit the conclusion that young Unger's careless firing of his gun was reasonably foreseeable by Prinkey. Prinkey admittedly recognized the gun as dangerous if fired anywhere near his group. He observed the manner in which Unger held the gun, and the youth of

Unger and his two companions, yet made no effort to warn them or to observe them to see that they went to a safe distance from Prinkey's charges before resuming firing. Thereafter, Prinkey heard the Unger gun fired twice, at least once very near the group in his charge. Nonetheless, he failed to move his charges to a place of safety before the damaging third shot. There is room for inference that he should, in the exercise of ordinary care, have done so. In fact, Mrs. Claudio testified that this would have been her own course of action, had she been present. We cannot say, as a matter of law, that the injury to plaintiff was not reasonably foreseeable by Prinkey, nor that reasonable precaution by him would not have prevented it (*Richardson* v. *Ham*, 44 Cal.2d 772 [285 P.2d 269]; *Wallace* v. *Der-Ohanian*, 199 Cal.App.2d 141 [18 Cal.Rptr. 892] [hearing denied by Supreme Court]). The issue of reasonable foreseeability, upon which determination of negligence here turns, was for the trier of the facts (*McEvoy* v. *American Pool Corp.*, 32 Cal.2d 295 [195 P.2d 783]).

Judgment affirmed.

Salsman, J., and Devine, J., concurred.

A petition for a rehearing was denied September 14, 1962, and appellants' petition for a hearing by the Supreme Court was denied October 24, 1962.